■ PAUL BILLY, as Administrator of the Estate of JOSEPH L. DOMEK, Deceased, Respondent, v. HELEN ZAJAC et al., Appellants, et al., Defendant.— Action to recover damages for wrongful death. The amended complaint alleges that the intestate was a passenger in a motor vehicle owned by Helen Zajac and operated by Sylvia Kumble, and that a collision occurred between said vehicle and a tractor-trailer owned by Roland Read and operated in the course of the business of Monticello Gas and Oil Co., Inc., causing intestate's death. Zajac, Read, Monticello and Kumble appeal from a judgment entered on a jury verdict in favor of the administrator against them. Judgment, insofar as it is against Helen Zajac, reversed on the law, with costs, action severed and complaint dismissed as to her. The findings of facts are affirmed. Judgment, insofar as it is against Roland Read, Monticello Gas and Oil Co., Inc., and Sylvia Kumble, reversed and a new trial granted, with costs to abide the event. It is conceded by all the parties that the passenger vehicle, in which the intestate was one of the two occupants, was negligently operated and that such negligence contributed to his death. The verdict implies that the appellant Kumble, and not the intestate, was the operator of the passenger vehicle. A verdict should have been directed in favor of appellant Zajac, or the complaint dismissed, on the ground that the uncontradicted evidence conclusively destroys any presumption that she gave implied permission to appellant Kumble to operate the passenger vehicle. The uncontradicted evidence was consistent with the probabilities, and there is no reason for denying conclusiveness to it. (*St. Andrassy* v. *Mooney*, 262 N. Y. 368, 372; *Powers* v. *Wilson*, 203 App. Div. 232, 236.) Moreover, it seems that section 59 of the Vehicle and Traffic Law was never intended to render the owner of a motor vehicle responsible for the injuries of the owner's permittee, where the permittee has the car for his own pleasure, takes a guest into the car without the owner's knowledge, permits the guest to drive, and is injured by the negligent driving of the guest. The intestate was the one who made the accident possible. (Cf. *Glennie* v. *Falls Equipment Co.*, 238 App. Div. 7.) The implied finding that the intestate was not operating the passenger vehicle is against the weight of the evidence, particularly in view of the injuries to his chest and the fact that the identification of the driver as a woman may have been by impression or deduction. The implied finding that the operator of the tractor-trailer was negligent and that such negligence caused the collision is against the weight of the evidence. Wenzel, Acting P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Murphy, J., concurs in the reversal of the judgment and in the dismissal of the complaint as against appellant Zajac but dissents from the granting of a new trial as to the remaining appellants and votes to dismiss the complaint as against said appellants, with the following memorandum: Beyond question, the sole and exclusive cause of the collision was the negligence of the operator of the passenger vehicle. Respondent did not sustain the burden of adducing proof that the negligent operator was appellant Kumble. The "impression" of a single witness, under the circumstances, has no probative value. On the other hand, the position and condition of the intestate's body immediately after the collision and the testimony of appellant Kumble established the intestate to be the operator.