■ John M. Parker et al., Appellants, v. Metropolitan Casualty Insurance Co. of New York, Respondent.— We find no reason to disturb the factual determination of the Trial Judge herein. He was not bound to infer and find that Mrs. Nachtrieb, the owner of the vehicle (who gave Mrs. Parker permission to drive herself home the night before because of the lateness of the hour and, pursuant to a telephone call the next day, gave her specific permission to drive from the market home and then return the car on the day of the accident), gave permission for an unlicensed operator to take the vehicle on the highway in violation of the law. (See, e.g., *Brindley* v. *Krizsan*, 18 A D 2d 971; *Leotta* v. *Plessinger*, 8 N Y 2d 449.) And as was pointed out in *Billy* v. *Zajac* (7 A D 2d 729), "Moreover, it seems that section 59 of the Vehicle and Traffic Law was never intended to render the owner of a motor vehicle responsible for the injuries of the owner's permittee, where the permittee has the car for his own pleasure, takes a guest into the car without the owner's knowledge, permits the guest to drive, and is injured by the negligent driving of the guest. The intestate [permittee] was the one who made the accident possible. (Cf. *Glennie* v. *Falls Equipment Co.*, 238 App. Div. 7.)" Judgment and order affirmed, on the law and the facts, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.