OPINION OF THE COURT
 

 ClPARICK, J.
 

 In this personal injury action by plaintiff car renter against defendant car rental agency, we are required to decide whether and to what extent plaintiff is bound by an indemnification provision contained in the rental agreement requiring her to indemnify defendant for liability arising out of the use of the vehicle which exceeds the insurance coverage defendant is required to maintain under State law.
 

 I
 

 On October 5, 1989, plaintiff Barbara J. Morris entered into a 30-day rental agreement with defendant Snappy Car Rental (Snappy). On October 8, 1989, plaintiff was injured when the vehicle she leased, a 1990 Dodge Spirit, collided with another vehicle owned by Laura A. Sherry. Plaintiff’s husband, Kenneth Morris, a permissive user of the vehicle under the rental agreement, was driving the vehicle at the time of the accident. The Sherry vehicle was being driven by Eric Sherry, who was delivering pizza for his employer, Franco’s Pizzeria. As a
 
 *26
 
 result of the accident, plaintiff sustained a fractured right femur for which she has undergone three corrective surgeries.
 

 Plaintiff commenced this action and named Eric Sherry, Laura Sherry, Snappy, and 864 Kenmore Avenue, Inc., doing business as Franco’s Pizzeria, as defendants. The complaint alleged that plaintiff’s injuries were caused by the negligence of Eric Sherry and Kenneth Morris and asserted causes of action based on vicarious liability against Laura Sherry and the two corporate defendants. In its answer, Snappy denied the substantive allegations of plaintiff’s complaint and asserted as a fourth affirmative defense that plaintiff had covenanted not to sue Snappy. As a fifth affirmative defense and counterclaim, Snappy asserted that it was entitled to full indemnification pursuant to the terms and conditions of the rental agreement.
 

 Snappy moved for summary judgment dismissing plaintiff’s complaint based on the indemnification counterclaim. Plaintiff cross-moved for summary judgment dismissing Snappy’s counterclaim and for partial summary judgment on Snappy’s liability based on Vehicle and Traffic Law § 388. In support of its motion, Snappy argued that the indemnification agreement required dismissal of the complaint or, alternatively, entitled it to judgment against plaintiff for any amounts she recovered against Snappy. Snappy also asserted that it was entitled to costs, disbursements, expenses, and attorney’s fees under the rental agreement.
 

 Supreme Court denied Snappy’s motion for summary judgment dismissing the complaint, granted Snappy’s motion for a conditional order of summary judgment on the counterclaim for indemnification to the extent that plaintiff recovered any damages from Snappy, granted Snappy’s request for attorney’s fees, expenses and costs, and denied plaintiff’s cross motion for summary judgment.
 

 The Appellate Division, with two Justices dissenting, modified the order of Supreme Court "to provide that Snappy’s motion for a conditional order of summary judgment is granted in part on its counterclaim for indemnification from plaintiff to the extent Snappy may be required to pay plaintiff monies over and above those to which plaintiff is entitled pursuant to section 370 (1), (3) and section 388 of the Vehicle and Traffic Law and to deny Snappy costs and expenses including reasonable attorney’s fees.” (189 AD2d 115, 124.) As so modified, the court affirmed. Both parties appeal pursuant
 
 *27
 
 to leave granted by the Appellate Division which certified the following question: "Was the order of this Court entered March 12,1993, properly made?”
 

 II
 

 At common law, the owner of a motor vehicle who permitted another to operate it was not liable for the driver’s negligence except under theories of respondeat superior or agency
 
 (see, Plath v Justus,
 
 28 NY2d 16, 20;
 
 Rolfe v Hewitt,
 
 227 NY 486). Vehicle and Traffic Law § 388
 
 [1]
 
 was enacted to change this common-law rule and to impose liability upon the owner of a vehicle "for the negligence of a person legally operating the car with the permission, express or implied, of the owner”
 
 (Gochee v Wagner,
 
 257 NY 344, 346,
 
 overruled on other grounds Kalechman v Drew Auto Rental,
 
 33 NY2d 397). The statute created liability where none previously existed, the nature of that liability being vicarious and its predicate purely statutory
 
 (Gochee, supra,
 
 at 347). Section 388’s enactment was designed to ensure access by injured persons to "a financially responsible insured person against whom to recover for injuries”
 
 (Plath,
 
 28 NY2d, at 20,
 
 supra; see, MVAIC v Continental Natl. Am. Group Co.,
 
 35 NY2d 260, 264), and to "remove the hardship which the common-law rule visited upon innocent persons by preventing 'an owner from escaping liability by saying that his car was being used without authority or not in his business’ ”
 
 (Mills v Gabriel,
 
 259 App Div 60, 61-62 [quoting
 
 Plaumbo v Ryan,
 
 213 App Div 517, 518]). We stated recently that the "linkage of an owner’s vicarious liability to an owner’s obligation to maintain adequate insurance coverage suggests that the Legislature’s goal was to ensure that owners of vehicles that are subject to regulation in New York 'act responsibly’ with regard to those vehicles”
 
 (Fried v Seippel,
 
 80 NY2d 32, 41).
 

 In light of these principles, the Appellate Division was unquestionably correct in concluding that an attempt to disclaim completely the liability imposed by section 388 would be contrary to public policy. The more difficult question presented for our consideration, however, is whether the Appellate Division’s decision is inconsistent with the legislative intent underlying section 388 to the extent it held that
 
 *28
 
 Snappy can legally disclaim that portion of its liability which exceeds the amount for which motor vehicle owners are required to be insured under sections 388 and 370 of the Vehicle and Traffic Law.
 

 Under the statutory scheme, an owner is required to maintain a minimum liability coverage for bodily injury and for death, but nothing in the statute’s scheme, language, or legislative history suggests that a lessor/owner cannot by contract secure indemnification from a lessee/driver for liability stemming from the latter’s negligence which exceeds the amounts for which owners are required to be insured.
 

 It has long been recognized that in granting an injured party a right of action under section 388, the Legislature did not otherwise intend to change any of the rules of liability in this area
 
 (see, e.g., Sikora v Keillor,
 
 17 AD2d 6, 8,
 
 affd
 
 13 NY2d 610;
 
 Mills v Gabriel,
 
 259 App Div 60, 61-62,
 
 supra; Singerman Bus Corp. v American Fid. Fire Ins. Co.,
 
 44 Misc 2d 4, 7; 8 NY Jur 2d, Automobiles and Other Vehicles, § 693). The law concerning indemnification agreements is, as the Appellate Division noted, "long standing and well settled.” (189 AD2d, at 121.) As this Court recognized in
 
 McDermott v City of New York
 
 (50 NY2d 211, 216-217), the right of indemnification springs conceptually from principles of equity and finds its expression in contract, express or implied. We stated, "It is nothing short of simple fairness to recognize that '[a] person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity’ ”
 
 (id.,
 
 at 217 [quoting Restatement of Restitution §76]).
 

 It is axiomatic concerning legislative enactments in derogation of common law, and especially those creating liability where none previously existed, that they are deemed to abrogate the common law only to the extent required by the clear import of the statutory language
 
 (see, Psota v Long Is. R. R. Co.,
 
 246 NY 388, 393 [section 388 "may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied”];
 
 see also, B & F Bldg. Corp. v Liebig,
 
 76 NY2d 689, 693). In view of the fact that we are to narrowly construe the terms of section 388, we can discern no basis for inferring that the Legislature, in its desire to ensure that owners "act responsibly”, intended to go so far as to abrogate the right of indemnification. Indeed,
 
 *29
 
 we could not do so here without simultaneously disparaging the important countervailing right of freedom of contract, which is itself deeply rooted in public policy. As the majority at the Appellate Division stated, there are no statutory or common-law prohibitions precluding defendant’s indemnification provision; indeed, "[t]o the contrary, the common law permits a vehicle owner/lessor to recover indemnity from a negligent user/lessee, even absent an express indemnity provision” (189 AD2d 115, 121,
 
 supra
 
 [citations omitted]).
 

 MVAIC v Continental Natl. Am. Group Co. (supra),
 
 upon which plaintiff relies, involved the attempted evasion of section 388’s liability altogether through the imposition of restrictions and conditions on the use of the leased vehicle. The restrictions sought to be imposed there, if upheld, would have rendered an injured victim devoid of recourse to a financially responsible defendant, contrary to the legislative intent of Vehicle and Traffic Law § 388. As such, we concluded that the restrictions contained in the rental agreement violated the public policy of this State. This case presents a different situation. Here, the rental agency does not seek to entirely exculpate itself from section 388’s liability. Rather, the rental agreement explicitly acknowledges that Snappy’s right of indemnification is subject to other provisions of State law, in this case section 388. Paragraph 6 of the rental agreement provides that Snappy will indemnify and hold harmless a renter to the extent required by State law and states additionally that "Renter agrees to indemnify Snappy for any loss, liability or expense arising out of the use of the vehicle which exceeds the limits of the indemnification and hold harmless provision stated above.”
 
 [2]
 

 
 *30
 
 Ill
 

 We do not accept plaintiffs contention that the indemnification agreement is void and unenforceable because it was part of an adhesion contract or the result of procedural unconscionability in the contract formation process. Plaintiffs claim must be judged "by whether the party seeking to enforce the contract has used high pressure tactics or deceptive language in the contract and whether there is inequality of bargaining power between the parties”
 
 (Sablosky v Gordon Co.,
 
 73 NY2d 133, 139). Plaintiff signed her name immediately beneath the following prominently displayed language: "I HAVE READ, UNDERSTAND AND AGREE TO BE BOUND BY THE TERMS AND CONDITIONS ON
 
 BOTH SIDES
 
 OF THIS RENTAL AGREEMENT.” Plaintiff not only signed the contract, she also initialled the space next to the provision which permitted her to decline to purchase additional personal accident insurance.
 

 Nothing in the record indicates that plaintiff, a high school graduate who attended college, was prevented from reading the agreement or asking that its contents be explained to her by one of Snappy’s representatives. She has made no allegation that she was the victim of deceptive or high pressure tactics
 
 (see, Gillman v Chase Manhattan Bank,
 
 73 NY2d 1, 11). The contract provisions at issue were set forth in a clear and legible manner and were printed in the size required by CPLR 4544. Plaintiff has proffered no basis as would excuse her from being bound by the terms of the rental agreement. Although plaintiff would use to her advantage the fact that she did not read the terms of the rental agreement and was unaware of its indemnification language, this is simply no bar to enforcement of the rental agreement. Freedom of contract permits plaintiff, as lessee, to agree to limit her statutory protection of recourse against the owner under section 388.
 

 Finally, we agree with the Appellate Division that Snappy is not entitled to the costs and expenses of litigation, including attorney’s fees.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs, and the certified question answered in the affirmative.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Order affirmed, etc.
 

 [1]
 

 . This provision was originally enacted by the Legislature in 1924 as section 282-e of the Highway Law and later reenacted as section 59 of the Vehicle and Traffic Law in 1929.
 

 [2]
 

 . Paragraph 6 provides,
 
 inter alla,
 
 that Snappy will indemnify renters and authorized operators for bodily injury and property damage claims arising out of the authorized use of the vehicle up to the minimum dollar amounts required by State law
 
 only if required by statute or the express terms of the agreement.
 
 In the event the renter is covered by any other insurance, the indemnification provision is said to constitute excess coverage. Further, if any of the conditions or restrictions contained in the indemnity provision conflict with applicable State law, then the provision is considered amended to conform with State law. Paragraph 6 requires the renter to indemnify Snappy for any loss or liability in excess of the limits of the indemnification provision, i.e., for any amounts Snappy is required to pay in excess of the minimum imposed under State law. In the event that there is no indemnification requirement under State law, the renter is to indemnify Snappy for all loss, liability and expense arising out of the use of the vehicle.