*115 OPINION OF THE COURT
Walter J. Relihan, Jr., J.
FACTS
The plaintiff rented a van from defendant, the Maguire auto dealership, in order to transport musicians to and from an engagement. Plaintiff told Maguire that he and others would be driving the vehicle. Maguire asked plaintiff to produce the operator’s license of the additional drivers. Plaintiff could not comply. Maguire thereupon marked "none” in the space provided in the rental agreement for additional authorized drivers and plaintiff initialed that portion of the form.
During the wee hours of the trip home from the performance, plaintiff grew drowsy and asked Pascucci, one of the musicians, to take the wheel. Later, with Pascucci driving, the vehicle left the road. Plaintiff was propelled through a window as the vehicle overturned. Plaintiff brought an action against Maguire and Pascucci to recover damages for his injuries.
Defendant Maguire initially cross-moved to dismiss the complaint based on the fact that Pascucci was not an authorized driver. New York public policy requires "that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant.” (Continental Auto Lease Corp. v Campbell, 19 NY2d 350, 352.) That policy implies that an auto rental agreement, which limits authorized drivers to those approved in advance by the lessor, may not be invoked to insulate the lessor from liability where the negligent driver was not among those authorized to operate the borrowed vehicle (MVAIC v Continental Natl. Am. Group, 35 NY2d 260). All parties now concur in that position. Maguire’s affirmative defense, based on lack of permission, has been withdrawn.
Plaintiff moves to dismiss Maguire’s counterclaim which seeks indemnification from him in the event he recovers damages from Maguire based on the negligence of Pascucci. The rental agreement provides that the customer (i.e., plaintiff) shall indemnify Maguire for any loss, in excess of the limits of Maguire’s policy, which may be incurred as a result of a bodily injury claim arising out of the use of the vehicle.
Plaintiff first argues that the indemnity provision of the rental agreement is void because section 396-z of the General Business Law bars auto lessors from recovering property damage losses from lessees, with exceptions not applicable *116 here, unless the rental agreement gives clear notice of such liability to the lessee. While the form used by Maguire does not meet the requirements of the statute, section 396-z applies to property damage only and does not govern personal injury claims. Accordingly, section 396-z ceased to be relevant following the withdrawal of the Maguire counterclaim for the property loss.
Secondly, plaintiff contends that any recovery by Maguire, based on the indemnification provision of the rental agreement, would violate the public policy of the State as defined by the Court of Appeals in Penn Gen. Ins. Co. v Austin Co. (68 NY2d 465). The antisubrogation rule, propounded in that case, bars any claim by a subrogated insurer against an additional insured for reimbursement of a loss paid on behalf of a named insured under the same policy. To permit an insurer to pass the loss from itself to an additional insured, the Court held, would avoid the very coverage which had been purchased by or on behalf of the additional insured (68 NY2d, at 471, supra).
The Court declined to pass upon the insurer’s right of subrogation against the additional insured for any loss in excess of the policy limits (68 NY2d, at 473, supra). However, that issue was resolved in Morris v Snappy Car Rental (84 NY2d 21). Accordingly, we hold that the counterclaim for indemnity remains valid in respect to any loss in excess of the policy limits of insurance provided in the rental agreement.
A further and more difficult question remains: Should the result be different because the negligent driver was given his place at the wheel by the plaintiff who, by doing so, violated the terms of his own rental agreement with the lessor? That question was not present in Morris v Snappy Car Rental (supra), and had been left open by the Court of Appeals in MVAIC v Continental Natl. Am. Group (35 NY2d, at 265, supra).
The nullification of important exculpatory provisions of the contract, knowingly accepted by the lessee, can only be justified by powerful considerations of policy. Those reasons, we believe, are found in the legislation and public policy, cited earlier, which extended the vicarious liability of owners of motor vehicles well beyond the earlier limits of the common law (Morris v Snappy Car Rental, supra, at 27). We conclude that the lessor must respond to the claims of the lessee despite *117 the fact that the driver, whose negligence allegedly caused the injury, was authorized to drive by the injured lessee in violation of his agreement with lessor. There is no reason, in law or morals, to prefer the claims of an injured third party to the claims of an injured lessee who may be equally innocent of any negligence. Here, the drowsy lessee claims to have surrendered the wheel to an alert companion. If that be true, the paramount duty of reasonable care and prudence, incumbent upon the lessee, would have demanded a change of drivers.
Next, the plaintiff argues that the terms of the rental agreement, in particular the austere insurance policy limits, are oppressive and unconscionable. We disagree for reasons similar to those stated in Morris v Snappy Car Rental (supra, at 30). Like the lessee in Morris, the plaintiff in this case has made no allegation that he was the victim of deceptive or high pressure tactics. The provision in the agreement which limits liability to the insurance coverage purchased by the lessee as part of the rental transaction is not inconsistent with law or New York public policy.
Lastly, plaintiff seeks sanctions against the defendant for failure to preserve the van, intact, as promised by defense counsel at the outset of the litigation. The defendant’s insurer, through a series of errors or misunderstandings, sold the vehicle to scrap dealers before a joint inspection could be arranged. We recognize that, because of the forces which produced the plaintiff’s injuries, evidence regarding the availability of seat belt equipment and the physical integrity of the attachment between the seat and the floor of the van will be important factors at trial.
The vehicle now has been found. However, it is not yet clear that the van still contains the seats and attachments which were present at the time of the accident. Assuming the plaintiff has lost the opportunity to show that the seat was defectively attached to the floor and that the defect was a proximate cause of his injuries, justice may require that defendant be precluded from offering contrary evidence at trial or that some other form of penalty should be imposed. We defer consideration of the plaintiff’s motion for sanctions until such time as the vehicle has been inspected and the nature of the prejudice, if any, has been identified.