■ SHELDON LISOGORSKY, Appellant, v ABDUL H. RAOUFI, Defendant, and WALSH MESSENGER SERVICE, INC., Respondent. [642 NYS2d 70] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Yoswein, J.), entered March 15, 1995, which granted the motion of the defendant Walsh Messenger Service, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The defendant Abdul Raoufi (hereinafter Raoufi) is an independent contractor who delivered packages for the defendant Walsh Messenger Service, Inc. (hereinafter Walsh), in a vehicle which was owned by Raoufi and leased to Walsh under a written lease agreement. The plaintiff was injured when he was struck by this vehicle as he was crossing a street in Manhattan.

The plaintiff contends, *inter alia,* that Walsh, as lessee of the vehicle, is vicariously liable for Raoufi's negligence pursuant to Vehicle and Traffic Law § 388. However, as the Supreme Court properly determined, Vehicle and Traffic Law § 388 only imposes vicarious liability upon a vehicle owner. A lessee of a vehicle is only considered an owner when the "lessee * * * [has] exclusive use [of the vehicle], under a lease * * * for a period greater than thirty days" (Vehicle and Traffic Law § 128). It is clear from the record that Walsh did not have exclusive use of the vehicle since Raoufi also utilized it for his own personal affairs. It is undisputed that the accident occurred on a day when Raoufi was driving the vehicle to attend to a personal matter and not in furtherance of Walsh's business. Accordingly, the Supreme Court properly granted the motion of Walsh for summary judgment dismissing the complaint insofar as asserted against it (*see, Giardina v Avis Rent A Car,* 135 Misc 2d 1052).

The plaintiff's remaining contention is unpreserved for appellate review. Thompson, J. P., Santucci, Joy and Altman, JJ., concur.