■ SUZANNE GRIFFIN et al., Plaintiffs, v FUN JUNG LA et al., Defendants. (Action No. 1.) ANNETTE SCHACK, Respondent, v FUN JUNG LA et al., Defendants, and VOLVO FINANCE OF NORTH AMERICA, INC., Appellant. (Action No. 2.) BILL SCHACK, Plaintiff, v FUN JUNG LA et al., Defendants. (Action No. 3.) [645 NYS2d 528] —In related actions to recover damages for personal injuries, etc., the defendant Volvo Finance of North America, Inc., appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered June 20, 1995, which denied its motion for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against it and granted the plaintiff's cross motion to strike its sixth affirmative defense asserted in that action.

Ordered that the order is affirmed, with costs.

Annette Schack, the plaintiff in Action No. 2 (hereinafter the plaintiff), was involved in an accident while a passenger in an automobile leased from the defendant Volvo Finance of North America, Inc. (hereinafter Volvo), the owner of the vehicle. The plaintiff commenced this action against, *inter alia,* Volvo. Volvo moved for a "conditional order of summary judgment" based upon an indemnification clause in the lease. The plaintiff opposed the motion and cross-moved to strike Volvo's

affirmative defense of indemnification. The Supreme Court denied Volvo's motion and granted the plaintiff's cross motion, holding that the indemnification clause was violative of public policy. We agree.

Vehicle and Traffic Law § 388 imposes liability upon the owner of a vehicle for the negligence of a person operating the vehicle with the permission of the owner. This section was enacted to ensure access by an injured party to a financially responsible defendant *(see, Morris v Snappy Car Rental,* 84 NY2d 21; *MVAIC v Continental Natl. Am. Group Co.,* 35 NY2d 260). An attempt by a vehicle owner to avoid all liability is, therefore, void as violative of the public policy behind Vehicle and Traffic Law § 388 *(see, Morris v Snappy Car Rental, supra,* at 27).

The language of the indemnification clause in Volvo's lease is clear and unambiguous. Accordingly, it must be given its plain and ordinary meaning *(see, United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232). The indemnification clause would permit Volvo to avoid all liability, rendering it void as against the public policy of this State *(cf., Morris v Snappy Car Rental, supra).*

Furthermore, the lease fails to provide for modification in light of a conflict with State law or public policy. Accordingly, Volvo is not entitled to summary judgment upon the indemnification clause, and the sixth affirmative defense, which relied upon the indemnification clause, was properly stricken. Sullivan, J. P., Santucci, Joy and Hart, JJ., concur.