■ RONALD WILLIAMS, Plaintiff, v EMMANUEL BRUNOT, Defendant, and GENERAL MOTORS ACCEPTANCE CORP., Defendant and Third-Party Plaintiff-Appellant. SHAN NAGENDRA, Third-Party Defendant-Respondent. (And Other Third-Party Actions.) [659 NYS2d 986] —In a negligence action to recover damages for personal injuries, the defendant second third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 24, 1996, as denied its motion for summary judgment against the second third-party defendant.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellant's motion as sought summary judgment on its third cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

It is undisputed that the second third-party defendant, Shan Nagendra, the lessee of the vehicle, did not name the defendant second third-party plaintiff General Motors Acceptance Corporation (hereinafter GMAC), the lessor of the vehicle, as an additional insured. Because the lease required Nagendra to name GMAC as an additional insured, GMAC is entitled to summary judgment on its third cause of action, alleging breach of that term of the lease (*see, Kinney v Lisk Co.*, 76 NY2d 215; *McGill v Polytechnic Univ.*, 235 AD2d 400; *Mathew v Crow Constr. Co.*, 220 AD2d 490). GMAC, however, is not entitled to summary judgment on its contractual indemnification cause of action (*see, Morris v Snappy Car Rental*, 84 NY2d 21; *Griffin v Fun Jung La*, 229 AD2d 468). Bracken, J. P., Rosenblatt, Thompson and Krausman, JJ., concur.