■  ALI OZTURK et al., Appellants, v MUZAFFER TASKIRAN et al., Respondents, et al., Defendants. (Action No. 1.) BULENT YILDIZ, Appellant, v MUZAFFER TASKIRAN et al., Respondents, et al., Defendants. (Action No. 2.) [665 NYS2d 420] —In related actions to recover damages for personal injuries, etc., the plaintiffs in Action No. 1, Ali Ozturk and Annette Ozturk, and the plaintiff in Action No. 2, Bulent Yildiz, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 19, 1996, as (1) denied that branch of their motion which was to dismiss the claims of Avis Rent-A-Car System, Inc., for indemnification to the extent that those claims sought indemnification for amounts within the limits of the additional liability insurance purchased by Ali Ozturk, and (2) granted those branches of the cross motion of Avis Rent-A-Car System, Inc., which were for summary judgment granting it full indemnity against Ali Ozturk for any damages sustained by Bulent Yildiz in excess of $10,000, judgment against Ali Ozturk for any damages he recovers in excess of $10,000, and judgment declaring that additional liability insurance purchased by Ali Ozturk is not available to Muzaffer Taskiran, who was driving the vehicle in question at the time of the accident.

Ordered that the appeal from the provision of the order which granted that branch of the cross motion which was for a judgment declaring that additional liability insurance purchased by Ali Ozturk is not available to the defendant Muzaffer Taskiran is dismissed, as the appellants are not aggrieved by that provision of the order (*see,* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from and reviewed, on the law, that branch of the motion which was to dismiss the claims of Avis Rent-A-Car System, Inc., for indemnification to the extent that those claims sought indemnification for amounts within the limits of the additional liability insurance purchased by Ali Ozturk is granted, and those branches of the cross motion which were for indemnification and judgment against Ali Ozturk are denied; and it is further,

Ordered that the appellants are awarded one bill of costs, payable by Avis Rent-A-Car System, Inc.

On or about March 11, 1992, the plaintiff Ali Ozturk rented a vehicle from Avis Rent-A-Car System, Inc. (hereinafter Avis). At that time, Mr. Ozturk also purchased additional liability insurance from Avis of up to $1,000,000.

Mr. Ozturk's agreement with Avis provided, in pertinent part, that he could only allow his spouse or a regular fellow employee to drive the vehicle in his stead, and that he would indemnify Avis for any liability resulting from unauthorized use of the car.

Mr. Ozturk, while riding as a passenger in the vehicle, allowed Muzaffer Taskiran, who was neither his spouse nor a regular fellow employee, to drive it. The vehicle was involved in an accident, injuring Mr. Ozturk and other passengers. The instant actions to recover damages for personal injuries, etc., ensued.

Avis has the dual status of lessor and insurer, and thus is bound by the antisubrogation rule, as well as the well-settled law that any ambiguities in a contract of insurance are to be resolved in favor of the insured (*see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311; *General Acc. Ins. Co. v United States Fid. & Guar. Ins. Co.,* 193 AD2d 135, 138). The paragraph of the contract describing "additional liability insurance" states that the limits of additional liability coverage are $1,000,000, "instead of the limits in the preceding paragraph on liability insurance", and "all of the other terms of the preceding paragraph apply to this additional coverage". The preceding paragraph, entitled "liability insurance", provides for coverage required by law, which would include damages incurred by Muzaffer Taskiran while he was driving, and coverage to Mr. Ozturk while not a driver and to his family within the limits required by law. It further states that "where the law extends coverage to a non-permitted driver, the *same limits* shall apply". However, the term "same limits" is ambiguous, where the limits of liability are raised to $1,000,000 per person and $1,000,000 per accident with the purchase of additional liability insurance. Moreover, the paragraph entitled "additional liability insurance" states that those $1,000,000 limits apply "instead of the limits in the preceding paragraph on liability insurance". We conclude that the contract provisions are sufficiently ambiguous to bar Avis from denying coverage within the limits of "additional liability insurance" for this accident to the Ozturks.

Pursuant to the antisubrogation rule, "[a]n insurer * * * has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (*North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281, 294). The Supreme Court found that the antisubrogation rule did not apply here because claims against Mr. Ozturk by other injured parties attempting to impute the driver's negligence to

him had been dismissed. According to the Supreme Court, since Avis no longer has a duty to defend Mr. Ozturk from claims by other injured parties, allowing Avis to seek indemnification from Mr. Ozturk would not create a conflict of interest with its duty to defend him. However, it was Avis who successfully moved to dismiss those claims against Mr. Ozturk. Thus, Avis structured its defense of Mr. Ozturk to avoid application of the antisubrogation rule and to insure protection of its own interests.

Moreover, Avis, by seeking contractual indemnification from Mr. Ozturk, is itself seeking to hold Mr. Ozturk vicariously liable for the driver's negligence, implicating the antisubrogation rule (*see, Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465). Avis has satisfied its duty to defend Mr. Ozturk against claims by the other injured parties. The only claim remaining against Mr. Ozturk is for contractual indemnification from Avis itself. However, the additional liability insurance provisions contain no exclusions for contractual indemnification (*see, Hailey v New York State Elec. & Gas Corp.,* 214 AD2d 986, 987), implicating Avis's duty to defend Mr. Ozturk against its own claim. Further, Avis is seeking " 'to pass the incidence of the loss * * * from itself to its own insured and thus avoid the coverage which its insured purchased' " (*Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra,* at 471, quoting *Home Ins. Co. v Pinski Bros.,* 160 Mont 219, 226, 500 P2d 945, 949), the very situation sought to be averted by the antisubrogation rule. Accordingly, Avis is barred from seeking indemnification for claims within the policy limits for additional liability insurance purchased by Mr. Ozturk (*see, Layaw v Maguire Ford Lincoln-Mercury,* 219 AD2d 73).

The question of whether additional liability coverage is available to Taskiran is not properly before us since he did not appeal from the order (*see, Hecht v City of New York,* 60 NY2d 57). Miller, J. P., Pizzuto, Goldstein and Florio, JJ., concur.