■ MARIANNE HASSAN, Respondent, et al., Plaintiffs, v ANTHONY MONTUORI et al., Defendants, CUCINA BAY, INC., et al., Respondents, and HENDEL PRODUCTS, INC., et al., Appellants. [737 NYS2d 625] —In a consolidated action to recover damages for personal injuries, etc., the defendant First Union Auto Finance, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered January 4, 2001, as denied its motion for summary judgment dismissing the complaint of the plaintiff Marianne Hassan insofar as asserted against it, and the defendant Hendel Products, Inc., separately appeals, as limited by its brief, from so much of the same order as denied that branch of the cross motion of the defendants Hendel Products, Inc., and P. Hendel Products Partnership which was for summary judgment dismissing the complaint of the plaintiff Marianne Hassan and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying the motion and substituting therefor a provision granting the motion, and (2) deleting the provision thereof denying that branch of the cross motion which was for summary judgment dismissing the complaint of the plaintiff Marianne Hassan insofar as asserted against Hendel Products, Inc., and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the appellants by the plaintiff Marianne Hassan, the complaint of the plaintiff Marianne Hassan insofar as asserted against the appellants is dismissed, and her action against the remaining defendants is severed.

The plaintiff Marianne Hassan, a passenger in a vehicle operated by her husband, was injured in a collision with another vehicle. The appellant Hendel Products, Inc. (hereinafter Hendel), was the registered owner of the Hassan vehicle. The vehicle was leased to Hendel by the appellant First Union Auto Finance, Inc., the title owner. In connection with her employment by a company affiliated with Hendel, Mrs. Hassan was given the use of the vehicle for both business and personal purposes. The vehicle had been in her possession for approximately two years before the accident.

Mrs. Hassan subsequently commenced an action against the

appellants, among others, seeking to hold them vicariously liable for her husband's alleged negligence based on Vehicle and Traffic Law § 388 (1), which imposes liability on the owner of a vehicle for the negligence of a person using or operating the vehicle with the express or implied permission of the owner. The appellants separately moved for summary judgment dismissing Mrs. Hassan's complaint insofar as asserted against each of them. Hendel also sought summary judgment dismissing all cross claims insofar as asserted against it. The appellants contended that Mrs. Hassan was an owner of the vehicle as defined by Vehicle and Traffic Law § 128, and that as an owner, she cannot maintain an action against the other owners based on Vehicle and Traffic Law § 388 (1). The Supreme Court denied summary judgment.

Vehicle and Traffic Law § 128 defines the term "owner" as: "A person, other than a lien holder, having the property in or title to a vehicle or vessel. The term includes a person entitled to the use and possession of a vehicle or vessel subject to a security interest in another person and also includes any lessee or bailee of a motor vehicle or vessel having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days."

The appellants correctly contend that Mrs. Hassan was an "owner," as defined by Vehicle and Traffic Law § 128. She was a bailee who had exclusive use and possession of the vehicle for approximately two years prior to the accident (*see, Martin v Briggs,* 235 AD2d 192, 197).

At common law, the owner of a motor vehicle was not liable for the negligence of a driver who operated the vehicle with the owner's permission except under theories of respondeat superior or agency. Vehicle and Traffic Law § 388 (1) (originally Highway Law § 282-e and then Vehicle and Traffic Law § 59) was enacted to change the common-law rule and to impose liability on the owner for the negligence of a driver operating the vehicle with express or implied permission. The statute created liability where none previously existed (*see, Morris v Snappy Car Rental,* 84 NY2d 21, 27). Thus, the statute is "deemed to abrogate the common law only to the extent required by the clear import of the statutory language" (*Morris v Snappy Car Rental, supra* at 28).

Where, as here, the plaintiff is a statutorily-defined owner who permitted the allegedly negligent driver to operate the vehicle, we conclude that he or she cannot recover damages from the absentee co-owners based on Vehicle and Traffic Law § 388 (1) (*see, Parker v Metropolitan Cas. Ins. Co. of N.Y.,* 20 AD2d

951; *Billy v Zajac,* 7 AD2d 729, *amended* 7 AD2d 929). As an owner of the vehicle, Mrs. Hassan is within the class of persons that the statute seeks to regulate, not the class that the statute seeks to protect. Permitting her to pursue this action against the co-owners would result in an anomalous situation where she would be entitled to recover for the same injuries for which she would also, as an owner, be vicariously liable under the statute.

Consequently, the Supreme Court should have granted summary judgment dismissing Mrs. Hassan's complaint insofar as asserted against the appellants. Hendel, however, did not establish its entitlement to summary judgment dismissing the cross claims asserted against it. S. Miller, Friedmann and Crane, JJ., concur.

Altman, J.P., concurs in part and dissents in part and votes to affirm the order insofar as appealed from with the following memorandum in which Prudenti, J., concurs: While I agree with the majority that Mrs. Hassan was an owner of the vehicle within the meaning of Vehicle and Traffic Law § 128 and that the cross claims asserted against the appellant Hendel Products, Inc., should not be dismissed, I would affirm the Supreme Court's denial of summary judgment to the appellants.

The Supreme Court properly concluded that Mrs. Hassan can maintain an action against the appellants (*see, Griffin v Fun Jung La,* 229 AD2d 468). The predecessor statute to Vehicle and Traffic Law § 388 (1), Vehicle and Traffic Law § 59 (formerly Highway Law § 282-e), was enacted to ensure that persons injured in automobile accidents have recourse to a financially-responsible defendant (*see, Morris v Snappy Car Rental,* 84 NY2d 21, 27). In light of the public policy underlying the statute, its benefits are not limited to injured third parties, but may extend to a passenger in the vehicle (*see, Allstate Ins. Co. v Travelers Ins. Co.,* 49 AD2d 613, *mod on other grounds* 39 NY2d 784). The fact that Mrs. Hassan was also a statutorily-defined owner does not, in and of itself, preclude her from seeking recovery. The vicarious liability statute, with its reference to a broad definition of "owner" (*see,* Vehicle and Traffic Law § 388 [3]), was designed to extend liability for the protection of injured parties and it should not be used to limit liability in a case such as this. Under the circumstances, the appellants cannot seek to avoid all liability for Mrs. Hassan's injuries (*see, Griffin v Fun Jung La, supra*).