PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, v YASUDA FIRE AND MARINE INSURANCE COMPANY OF AMERICA et al., Respondents. [773 NYS2d 301]—

Order and judgment (one paper), Supreme Court, New York County (Joan Madden, J.), entered December 11, 2003, upon the parties' respective motions for summary judgment, declaring that, with respect to an underlying action arising out of an accident involving a van owned by defendant Yasuda Fire and Marine's insured and leased to and operated by plaintiff Public Service's insureds for business purposes, Yasuda's policy is excess to Public Service's policy, and that Public Service is therefore obligated to defend and indemnify the owner, lessee and driver in the underlying action, unanimously affirmed, without costs.

Public Service's claim that the van was leased for successive weekly rentals, and that its insured, the lessee, therefore is not an "owner" within the meaning of Vehicle and Traffic Law § 128, was properly rejected as based entirely on the conclusory assertions of its claims representative and its attorney, neither of whom were privy to or have personal knowledge of the oral lease agreement (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). On the other hand, Yasuda presented uncontroverted evidence that pursuant to an oral lease agreement, Public Service's insured had exclusive use and possession of the van for a period of more than 30 days, making it the van's "owner" within the meaning of section 128 (*see Hassan v Montuori*, 291 AD2d 375, 376 [2002], *revd on other grounds* 99

NY2d 348 [2003]; *Servido v Superintendent of Ins.*, 77 AD2d 70 [1980], *revd on other grounds* 53 NY2d 1041 [1981]; *cf. Lisogorsky v Raoufi*, 227 AD2d 386 [1996]), and that Public Service's policy, by its terms, provides coverage to vehicles owned by its insured. Public Service's claim that it and Yasuda are coinsurers required to share equally in the loss is improperly raised for the first time on appeal, and we decline to consider it. Concur—Nardelli, J.P., Mazzarelli, Saxe and Friedman, JJ.