■ NERIS LUNA, Respondent, v HYUNDAI MOTOR AMERICA et al., Defendants, and DOLLAR RENT-A-CAR SYSTEMS, INC., Appellant. [808 NYS2d 38]—

Order and judgment (one paper), Supreme Court, New York County (Karen S. Smith, J.), entered August 25, 2004, which, in an action for personal injuries sustained by plaintiff while a passenger in a car she had rented from defendant-appellant car rental company, insofar as appealed from, dismissed, prior to trial and as a matter of law, appellant's counterclaim against plaintiff for indemnification, unanimously affirmed, with costs.

Relying on *Morris v Snappy Car Rental* (84 NY2d 21 [1994]), appellant took the position that plaintiff had covenanted not to sue it and that, under the rental agreement, plaintiff must indemnify it for any amount that she recovers against it in excess of the minimum amount of liability insurance that it was required to obtain under state law as owner of the car. In effect,

appellant is disclaiming that portion of its liability under Vehicle and Traffic Law § 388 in excess of the statutory minimum liability insurance requirements (see Morris at 28). It appears that on the eve of trial, appellant advised plaintiff that while it had purchased the supplementary liability insurance that plaintiff had ordered at the time she rented the car, it neglected to purchase the uninsured/underinsured motorist (UM) insurance also ordered by plaintiff. It further appears that the car was being driven by plaintiff's daughter, who, appellant argues, was not an "authorized driver" under the rental agreement, and that the issue of insurance coverage is the subject of a pending action that plaintiff brought in federal court in which appellant is not a party. After jury selection but before the commencement of the trial, the trial court, entertaining an oral in limine motion by plaintiff, orally ruled that appellant is liable to plaintiff for the UM insurance it failed to procure, that plaintiff is not liable to appellant for indemnification, and that plaintiff did not have to demand arbitration under a policy that was never procured.

We reject appellant's argument that considerations of comity and orderly procedure require that the coverage and indemnification issues it raised in this action be resolved in plaintiff's federal court action. Once appellant admitted that it did not procure the UM insurance, plaintiff's federal court action, which assumed the existence of a UM policy obtained by appellant through its insurance carriers and sought a declaration of UM coverage against such carriers, became moot. There being no such policy, there is simply no coverage issue to determine, at least against the carriers that would have issued the policy. Similarly, because the prior summary judgment motions involved this question of policy coverage mooted by appellant's admission, the doctrine of law of the case does not apply (see Smith v Metropolitan Transp. Auth., 226 AD2d 168, 168 [1996], lv denied 89 NY2d 803 [1996], cert denied 520 US 1186 [1997]).

The trial court correctly ruled, as a matter of law, that appellant is responsible for providing the UM coverage it admittedly failed to procure (see Macon v Arnlie Realty Co., 207 AD2d 268, 270 [1994]), notwithstanding that plaintiff's daughter was not an authorized driver under the rental agreement (see Murdza v Zimmerman, 99 NY2d 375, 380-381 [2003]). In addition, since plaintiff is appellant's insured, the indemnification clause in the rental agreement is barred by the antisubrogation rule (see Ozturk v Taskiran, 245 AD2d 355 [1997]). In Morris, the renter did not purchase additional insurance (84 NY2d at 30), and thus there was no issue of antisubrogation.

We reject appellant's argument that plaintiff's in limine motion was an improper substitute for a summary judgment motion. Appellant's admission effectively resolved the coverage issue, and the indemnification issue is a pure question of law that was raised by appellant itself, and as to which it had available all the documents necessary to articulate its theory of liability (CPLR 4401; *see Levitt v Lenox Hill Hosp.*, 184 AD2d 427, 428 [1992]).

We have considered appellant's other arguments and find them unavailing. Concur—Saxe, J.P., Marlow, Williams, Catterson and Malone, JJ.