In an action to recover damages for personal injuries, the defendant Daniel Hamburger appeals from (1) an order of the Supreme Court, Nassau County (Galasso, J.), dated April 19, 2012, which granted the motion of the defendant Atlantic Infiniti, Ltd., to compel him to pay its attorneys’ fees and litiga *1030 tion costs, and (2) a money judgment of the same court dated September 19, 2012, which, upon the order, is in favor of the defendant Atlantic Infiniti, Ltd., and against him in the principal sum of $80,615.25.
Ordered that the appeal from the order is dismissed, as the order was superseded by the money judgment; and it is further,
Ordered that the money judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the defendant Atlantic Infiniti, Ltd.
The plaintiff was struck by a vehicle operated by the defendant Daniel Hamburger. At the time of the accident, Hamburger was operating what the parties describe as a “loaner” vehicle provided to him by the defendant Atlantic Infiniti, Ltd. (hereinafter Atlantic Infiniti), while Hamburger’s own vehicle was being serviced. In an order dated August 7, 2008, the Supreme Court (McCarty, J.) awarded Atlantic Infiniti conditional summary judgment on its cross claims against Hamburger for contractual and common-law indemnification. After the plaintiffs claims were settled, Atlantic Infiniti moved to compel Hamburger to pay its attorneys’ fees and litigation costs. The Supreme Court (Galasso, J.) granted that motion, and subsequently entered a money judgment in favor of Atlantic Infiniti and against Hamburger.
“[T]he common law permits a vehicle owner/lessor to recover indemnity from a negligent user/lessee, even absent an express indemnity provision” (Morris v Snappy Car Rental, 84 NY2d 21, 29 [1994] [internal quotation marks omitted]). Contrary to Hamburger’s contention, “[t]his common-law right of indemnification against the party actually at fault encompasses the right to recover attorneys’ fees, costs, and disbursements incurred in connection with defending the suit brought by the injured party” (Chapel v Mitchell, 84 NY2d 345, 347 [1994]).
In light of our determination that Atlantic Infiniti was entitled to recover attorneys’ fees and litigation costs pursuant to the doctrine of common-law indemnification, it is unnecessary to address Hamburger’s contentions regarding contractual indemnification. Mastro, J.P., Leventhal, Lott and Roman, JJ., concur.