Focus & Struga Bldg. Developers, LLC v 1330 3d Ave. Corp. (2019 NY Slip Op 07150)





Focus & Struga Bldg. Developers, LLC v 1330 3d Ave. Corp.


2019 NY Slip Op 07150


Decided on October 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


9995 110303/11

[*1]Focus & Struga Building Developers, LLC, Plaintiff-Appellant,
v
1330 3d Avenue Corp., Defendant-Respondent.


Andrew Lavoott Bluestone, New York, for appellant.
Gallet Dreyer & Berkey, LLP, New York (Michelle P. Quinn of counsel), for respondent.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered April 30, 2019, dismissing the complaint as time-barred and awarding defendant damages on its counterclaim for indemnification and attorneys' fees, unanimously modified, on the law and the facts, to vacate the award in favor of defendant on the counterclaim, and otherwise affirmed, without costs.
Under the terms of the parties' contract, plaintiff was required to commence any action related to the contracted work within a year of the "substantial completion" of the work or "the last day on which Contractor performed Work at the site or delivered material to the site, whichever occurs first." Plaintiff alleged in its verified complaint dated September 6, 2011, that it last performed labor at or supplied materials to the site on July 16, 2010, more than one year before it commenced the action against defendant. Thus, the motion court providently determined that plaintiff's claims were time-barred based on plaintiff's own admission (see CPLR 4401). We reject plaintiff's argument that defendant's motion was an improper late motion for summary judgment (see Luna v Hyundai Motor Am., 25 AD3d 321, 323 [1st Dept 2006]). That the court's order referenced the "substantial completion" section of the contract, rather than the last day of work or delivery of materials, was an inconsequential misstatement.
Defendant, however, failed to show that it was entitled to indemnification, including attorneys' fees, for a subcontractor's claim for unpaid fees. Under the plain terms of the contract, plaintiff was not required to pay a subcontractor until it received payment from defendant for that subcontractor's work (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Defendant did not adduce any evidence showing that it paid plaintiff for the subcontractor's work, triggering plaintiff's obligation to pay the subcontractor.
Contrary to defendant's contention, paragraph 8.13 did not require plaintiff to indemnify defendant for all claims. Rather, that paragraph required plaintiff to indemnify defendant for claims related to the work and corresponding attorneys' fees only if those claims were "attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property." Paragraph 28 of the Rider required plaintiff to indemnify defendant for all claims related to the project, provided those claims were "caused in whole or in part by Contractor." However, defendant failed to show that the subcontractor's claim for nonpayment was caused in whole or in part by plaintiff. As noted above, there was no evidence that defendant paid plaintiff for the subcontractor's work, triggering plaintiff's obligation to remit the payment to the [*2]subcontractor. Accordingly, defendant should not have been awarded damages on its counterclaim for indemnification and attorneys' fees.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 3, 2019
CLERK