■ AMERICAN TRANSIT INSURANCE COMPANY, Respondent-Appellant, v CONTINENTAL CASUALTY INSURANCE COMPANY et al., Appellants-Respondents, et al., Defendants. [625 NYS2d 653] —In an action for a judgment declaring, *inter alia,* that the plaintiff is the excess insurance carrier in an action entitled *Newell v Mead Truck Renting,* in the Supreme Court, Nassau County, Index No. 16226/88, the defendants Continental Casualty Insurance Company, David J. Clare, and Diamond Truck Leasing Co. appeal from a judgment of the Supreme Court, Nassau County (Segal, J.), entered October 15, 1993, which, after a nonjury trial, declared the plaintiff to be the excess insurance carrier and Continental Casualty Insurance Company to be the primary insurance carrier in the underlying action, and the plaintiff cross-appeals from so much of the same judgment as declared it to be the excess insurance carrier in the underlying action.

Ordered that the appeals of the defendants David J. Clare and Diamond Truck Leasing Co. and the cross appeal are dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appellant Continental Casualty Insurance Company (hereinafter Continental) concedes on appeal that, pursuant to an endorsement to the plaintiff's insurance policy, the plaintiff provided excess insurance coverage for the automobile accident that is the subject of the underlying action. Moreover, the plaintiff's named insured was also an additional insured under a policy issued by Continental. Thus, Continental contends that its insurance coverage was also excess and that it and the plaintiff should contribute equally to the settlement of the underlying wrongful death action because their limits of liability were identical.

As a general rule, when several insurance policies cover the same risk and each purports to be excess, the excess clauses negate each other and each insurance carrier contributes its proportionate share of the loss *(Federal Ins. Co. v Atlantic Natl. Ins. Co.,* 25 NY2d 71). However, the general rule is inapplicable when its application would distort the meaning of the terms of the policies *(State Farm Fire & Cas. Co. v LiMauro,* 65 NY2d 369, 374; *Lumbermens Mut. Cas. Co. v Allstate Ins. Co.,* 51 NY2d 651, 655). Thus, an insurance carrier whose policy purports to provide excess insurance coverage, but contemplates contribution with other excess insurance carriers or does not negate such a possibility, must contribute ratably with an insurance carrier with a similar policy. However, such an insurance carrier must exhaust its own policy before seeking contribution from an insurance carrier whose policy expressly negates contribution with other carriers or otherwise manifests that it is intended to be excess over other excess policies *(State Farm Fire & Cas. Co. v LiMauro, supra,* at 375-376).

In this case, even if Continental were an excess insurance carrier, the general rule of ratable contribution is inapplicable because the excess insurance clauses of Continental's and the plaintiff's policies are not similar. Continental's "Other Insurance" clause contemplates contribution with other insurance carriers, whether excess or primary. The plaintiff's endorsement, however, specifically provides, "The insurance provided by this endorsement is excess over any other collectible insurance, whether primary, excess or contingent." Thus, the plaintiff's endorsement negates contribution and manifests an intention that the plaintiff's insurance coverage is to be excess over any other excess insurance coverage. Consequently, the Supreme Court properly determined that Continental's policy had to be exhausted before the plaintiff would be required to

contribute to the settlement of the underlying action *(see, State Farm Fire & Cas. Co. v LiMauro, supra; Lumbermens Mut. Cas. Co. v Allstate Ins. Co., supra; Davis v De Frank,* 33 AD2d 236, *affd* 27 NY2d 924). Ritter, J. P., Altman, Hart and Goldstein, JJ., concur.