*794 OPINION OF THE COURT
Melchor E. Castro, J.
Defendant Michael caused property damage to plaintiffs’ automobile while driving a motor vehicle she rented from Stacey’s RV, Inc., doing business as Rent a Wreck (Stacey). At the time of the accident, Michael was insured by Allstate Insurance Company through an automobile liability insurance policy on her own vehicle. Defendant Stacey maintained insurance coverage on the rental vehicle through Lancer Insurance Company. With the stipulation of the parties resolving the question of negligence against the defendants, the issue now before this court is the priority of coverage on the property damage claim.
The defendants’ positions concerning priority of coverage are markedly different. Defendant Michael urges that defendant Stacey’s insurance coverage is primary by virtue of Vehicle and Traffic Law § 388 and that certain provisions of the rental contract which shift liability to her are void as against public policy and are therefore unenforceable. On the other hand, defendant Stacey argues that commonly accepted principles of insurance law mandate the conclusion that defendant Michael is primarily responsible on this claim.
In pertinent part, the rental contract between defendants Michael and Stacey reads as follows:
“2) Rental, Indemnity and Warranties..... You agree to indemnify us, defend us and hold us harmless from all claims, liability, costs and attorney’s fees that we incur resulting from or arising out of this rental and your use of the vehicle * * *
“5) Liability Insurance. You are responsible for all damage or loss you cause to others. You agree to provide auto liability and comprehensive insurance covering you, us and the Vehicle. If you have auto liability insurance, we provide no liability insurance. Where state law requires us to provide auto liability insurance, or if you have no auto liability insurance, we provide auto liability insurance, excess to any insurance you may have under a policy of insurance.”
The relevant provision of the Allstate policy covering defendant Michael’s personal vehicle states:
“Other Insurance
“If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.”
*795 Asserting that defendant Stacey’s insurance policy must provide primary coverage, defendant Michael argues that the provisions of the Stacey contract directly contravene and thwart the meaning and purpose of Vehicle and Traffic Law § 388 (l),[1] which imposes liability for the negligent use or operation of a motor vehicle in this State upon the owner of the vehicle. This section reflects the broad purpose of the financial responsibility provisions of the Vehicle and Traffic Law to provide compensation to the victims of motor vehicle accidents.[2]
Defendant Michael cites Morris v Snappy Car Rental (84 NY2d 21) for the proposition that an automobile owner is primarily liable for damages up to the minimum statutory limit. Morris[3] held that vehicle owners may seek indemnification from the driver of a vehicle where “liability stemming from the latter’s negligence * * * exceeds the amounts for which owners are required to be insured.” (Supra, at 28.) Here, the indemnification provisions of the Stacey contract attempt to completely disclaim liability and obtain indemnification for the full amount of liability, which includes the minimum amount that the vehicle owner is to maintain. This full indemnification clause is void and unenforceable under the authority of Morris. If the situation presented here was simply a dispute over the indemnification clause, the above analysis would control the court’s decision.
Defendant Stacey argues, however, that regardless of the indemnification clause, the “excess insurance” clauses contained in both policies require this court to find that both defendants’ insurance coverages are primary, requiring contribution to the loss proportionate to their respective coverages. Thus, the more complex question and the central issue for this court to decide concerns the “excess insurance” clauses found *796 in both defendant Michael’s Allstate policy and the Stacey contract insured by Lancer.
Defendant Stacey argues that the principles of Morris (supra) do not apply and that this case is governed by the decision in Federal Ins. Co. v Atlantic Natl. Ins. Co. (25 NY2d 71). Federal applied the general rule that where two policies purport to insure the same interest and purport to be “excess only” the clauses negate each other and both clauses are considered primary coverage requiring a ratable contribution from each (American Tr. Ins. Co. v Continental Cas. Ins. Co., 215 AD2d 342). The Court in Federal specifically ruled on the “excess coverage” clause contained in the rental agency’s insurance policy, as well as that contained in the policy insuring the plaintiffs private automobile. The Court held that both policies provided the same coverage and assumed the same risk and both insurers were obligated to defend and contribute on a pro rata basis toward damages and costs. (Supra, at 78-79.)
While there is limited support for this position (e.g., Miller v Sullivan, 174 Misc 2d 690), other New York courts, as well as one Federal District Court in the Southern District of New York[4] have maintained that the public policy of ensuring protection for accident victims and the purpose of Vehicle and Traffic Law § 388 are only met by imposing the requirement that the rental agency is primarily responsible for the minimum amount of liability insurance imposed by statute. Any other conclusion allows the shifting of financial responsibility for the accident from the lessor to the lessee and contravenes the entire purpose behind statutorily imposed minimum liability insurance coverage.
This issue was most recently addressed in Government Empls. Ins. Co. v Chrysler Ins. Co. (256 AD2d 1212). There, Mr. Velazquez rented a car from Snappy Rent-a-Car, Inc., and was subsequently involved in an accident. At the time of the accident, Velazquez was insured by the plaintiff Government Employees Insurance Company. Snappy Rent-a-Car, Inc., maintained an automobile liability policy with the defendant Chrysler. In reversing the ruling below, the Court held that a car rental agency cannot refuse to provide primary insurance to renters. Echoing the Morris decision (supra), the Court also *797 stated that there is no statutory prohibition on insurance contract provisions which limit liability to “that portion of its liability that exceeds the amount for which vehicle owners are required to be insured.” (Supra, at 1213 [emphasis supplied].)
The important distinction is that the Court’s language concerning the freedom of the rental agency to disclaim liability is in reference to sums beyond the amount for which the vehicle owners are required to be insured under Vehicle and Traffic Law §§ 388 and 370.
Although the Court in Morris (supra) did not specifically decide an “excess insurance” question, the principles involved are the same. The decision in Government Empls. reiterates the holding in Morris and imposes the burden of primary coverage on the lessor (Government Empls. Ins. Co. v Chrysler Ins. Co., supra). To require contribution from the lessee before the rental agency has paid up to the minimum amount of liability coverage would allow the car owner/agency to circumvent the minimum insurance imposed by statute, and impermissibly shift the burden of coverage to the lessee (Allstate Ins. Co. v Snappy Car Rental, 16 F Supp 2d 410, supra).
While it is a general rule that excess clauses negate each other when policies cover the same risk, “the general rule is inapplicable when its application * * * distort [s] the meaning of the terms of the policies” (American Tr. Ins. Co. v. Continental Cas. Ins. Co., 215 AD2d 342, 343, supra). Application of this general rule would not affect the terms of the applicable policies, but it would effectively eviscerate and distort the meaning and function of the underlying statute. It is obvious that policy considerations weigh heavily in favor of enforcing the State statute. (Vehicle and Traffic Law §§ 388, 370; Government Empls. Ins. Co. v Chrysler Ins. Co., supra.) To allow a shift in the liability from lessor to lessee as a result of the inclusion of an “excess insurance clause” in a rental agreement would have the effect of allowing the rental agency to achieve by an “excess clause” what it could not achieve by a full indemnity clause. That result would run contrary to statute as well as the Morris decision (supra) and its progeny.
In accordance with the principles set forth above, plaintiffs are awarded damages in the sum of $1,666.49 against defendant Stacey. There is no judgment against defendant Michael, since the property damage claim is below the statutory mini *798 mum liability imposed upon the vehicle owner. Furthermore, the damage amount awarded to plaintiffs is to be paid with statutory interest from the date of the accident.

. The statute reads as follows: “Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle” (Vehicle and Traffic Law § 388 [1]).

. Vehicle and Traffic Law § 310 (2) provides that, “[t]he legislature determines that it is a matter of grave concern that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them.”

. It should be noted that the Appellate Division, Fourth Department, was the intermediate appellate court that issued the Morris decision (supra). The rule in New York is that trial cotuts must follow an Appellate Division precedent set in any Department in the State until its own Department decides otherwise (see, Stewart v Volkswagen of Am., 181 AD2d 4, 7).

. (Allstate Ins. Co. v Snappy Car Rental, 16 F Supp 2d 410, 411.) The court cited and relied upon an affidavit submitted by the Department of Insurance stating that a car rental agency must, as a vehicle owner, provide primary coverage up to the minimum statutorily required liability insurance limit. (See also, Worldwide Ins. Co. v U.S. Capital Ins. Co., 181 Misc 2d 480.)