■ JOSEPH MACARI et al., Respondents, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. [745 NYS2d 191] —In an action for a judgment declaring that the defendant Nationwide Mutual Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled *Odeh v Macari,* pending in the Supreme Court, Queens County, under Index No. 12366/98, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Price, J.), dated March 7, 2001, which, inter alia, granted the plaintiffs' motion for summary judgment and made the declaration.

Ordered that the order and judgment is modified by deleting the provisions thereof granting the plaintiffs' motion and declaring that the defendant Nationwide Mutual Insurance Company is obligated to defend and indemnify the plaintiff in the underlying action and substituting therefor a provision granting the motion only to the extent of declaring that Nationwide Mutual Insurance Company and National Surety, a Fireman's Fund Insurance Company, are obligated to defend the plaintiff in the underlying action and shall be responsible for payment on a pro rata basis of any award made in the underlying action; as so modified, the order and judgment is affirmed, without costs or disbursements.

Failure to provide "written notice of disclaimer on the ground of late notice as soon as is reasonably possible after [an insurer] first learns of the accident or of grounds for disclaimer of li-

ability" will preclude effective disclaimer (*Matter of Fireman's Fund Ins. Co. of Newark v Hopkins,* 88 NY2d 836, 837 [internal quotation marks omitted]). Contrary to the contention of the defendant Nationwide Mutual Insurance Company (hereinafter Nationwide), this rule is applicable even if the insured, in the first instance, failed to provide the carrier with timely notice of its claim (*Wasserheit v New York Cent. Mut. Fire Ins. Co.,* 271 AD2d 439, 440). Here, the Supreme Court correctly found that the unexplained delay of 20 months, from June 1998 when Nationwide first received notice of the claim, until February 2000 when it disclaimed coverage, was unreasonable as a matter of law (*see Matter of Fireman's Fund Ins. Co. of Newark v Hopkins, supra; see also Hamilton v City of New York,* 256 AD2d 382).

However, the Supreme Court erred in finding the coverage provided by National Surety, a Fireman's Fund Insurance Company (hereinafter Fireman's) to be excess and Nationwide's coverage to be primary on the basis of the greater specificity of the language in Fireman's "Other Insurance" provision. Fireman's provision states that its obligations are limited if "other valid and collectible insurance is available," to payment of "excess over any of the other insurance, whether primary, excess, contingent or on any other basis." The meaning of the provision, however, despite its "super-escape phraseology," is essentially no different than that of Nationwide's, which states that "[i]f there is other insurance covering the same loss or damage," Nationwide will pay only the amount in excess of the other insurance policy's limit (*see State Farm Fire & Cas. Co. v LiMauro,* 65 NY2d 369, 378). Thus, since both insurance policies cover the same risk, and both contain an "other insurance" provision constituting a standard "excess insurance" clause, the clauses negate each other, and each insurance carrier must contribute its proportionate share of the loss determined in the underlying action (*see American Tr. Ins. Co. v Continental Cas. Ins. Co.,* 215 AD2d 342). Santucci, J.P., Altman, McGinity and Adams, JJ., concur.