■ State Farm Fire Casualty and Insurance Company, Respondent, v Travelers Property Casualty Insurance Company, Appellant, et al., Defendants. [752 NYS2d 374] —In an action for a judgment declaring the rights and responsibilities of the plaintiff and the defendant Travelers Property Casualty Insurance Company under their respective personal liability umbrella policies, the defendant Travelers Property Casualty Insurance Company appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated January 7, 2002, which granted the plaintiff's motion for summary judgment declaring that it must contribute ratably with the plaintiffs to any award made against their insured, Richard Gresio, in excess of both the coverage contained in a separate primary liability insurance policy, and the applicable deductible designated in the policy it issued, in two underlying actions pending in the Supreme Court, Nassau County, entitled *Colton v Gresio,* and *Harris v Gresio,* and denied its cross motion for summary judgment declaring that its policy is excess to the plaintiff's policy.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff and the defendant Travelers Property Casualty Insurance Company must contribute ratably to any award made against their insured Richard Gresio in excess of both the coverage contained in a separate primary liability insurance policy and the applicable deductible designated in the policy issued by the defendant Travelers Property Casualty Insurance Company, in two underlying actions pending in the Supreme Court, Nassau County, entitled *Colton v Gresio* and *Harris v Gresio.*

The Supreme Court properly determined that the separate personal liability umbrella insurance policies provided by the defendant Travelers Property Casualty Insurance Company (hereinafter Travelers) and the plaintiff State Farm Fire Casualty and Insurance Company (hereinafter State Farm) covered the same risk, and both contain excess insurance clauses which negate each other (*see Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.,* 92 NY2d 363; *Kansas City Fire & Mar. Ins. Co. v Hartford Ins. Group,* 57 NY2d 920, 922; *Lumbermens Mut. Cas. Co. v Allstate Ins. Co.,* 51 NY2d 651, 655; *Federal Ins. Co. v Atlantic Natl. Ins. Co.,* 25 NY2d 71; *Macari v Nationwide Mut. Ins. Co.,* 296 AD2d 384; *American Tr. Ins. Co. v Continental Cas. Ins. Co.,* 215 AD2d 342). Therefore, Travelers and State Farm must contribute ratably, after the primary insurance coverage is exhausted and over the applicable $500,000

deductible designated in Travelers' policy, to any award made against their insured Richard Gresio in the two underlying actions (see Lumbermens Mut. Cas. Co. v Allstate Ins. Co., supra; Macari v Nationwide Mut. Ins. Co., supra; cf. American Tr. Ins. Co. v Continental Cas. Ins. Co., supra).

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment and declaration in favor of State Farm (see Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.