■ 79TH REALTY CO., Appellant, v WAUSAU INSURANCE COMPANIES et al., Respondents. [776 NYS2d 96]—

In an action, inter alia, for a judgment declaring that the defendant Wausau Insurance Companies is obligated to reimburse the plaintiff for the defense costs incurred in an underlying personal injury action entitled *Matos v Garden State Brickface Windows & Exteriors,* commenced and subsequently settled in the Supreme Court, New York County, under Index No. 121159/ 93, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), entered March 21, 2003, as denied that branch of its motion which was for summary judgment declaring that the defendant Wausau Insurance Companies is obligated to reimburse it for the defense costs incurred in the underlying action and granted that branch of the defendants' cross motion which was for summary judgment in favor of the defendant Wausau Insurance Companies.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the

defendant Wausau Insurance Companies is obligated to reimburse the plaintiff for the defense costs incurred in the underlying personal injury action.

An insurance company may not disclaim coverage if it fails to give its insured notice of the disclaimer "as soon as is reasonably possible" (Insurance Law § 3420 [d]; *see also Macari v Nationwide Mut. Ins. Co.,* 296 AD2d 384 [2002]). This rule applies even if the insured has, in the first instance, failed to provide the insurer with timely notice of the claim (*see Varella v American Tr. Ins. Co.,* 306 AD2d 464 [2003]; *Wasserheit v New York Cent. Mut. Fire Ins. Co.,* 271 AD2d 439, 440 [2000]).

Here, the nine-month delay of the defendant Wausau Insurance Companies (hereinafter Wausau) in disclaiming coverage to the plaintiff on the ground of late notice was unreasonable as a matter of law. This ground was readily apparent when Wausau first received the notice of claim and it failed to explain the delay (*see City of New York v Northern Ins. Co. of N.Y.,* 284 AD2d 291 [2001]). Accordingly, the plaintiff was entitled to summary judgment declaring that Wausau is obligated to reimburse it for the defense costs incurred in the underlying action.

Since this is an action, inter alia, for a declaratory judgment, the Supreme Court should have directed the entry of a judgment declaring that Wausau is obligated to reimburse the plaintiff for the defense costs incurred in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.