*554 In an action to recover damages for personal injuries, etc., the plaintiffs Lourdes Ciatto and Carmine Ciatto appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered June 7, 2002, as, upon a jury verdict finding the plaintiff Lourdes Ciatto 40% at fault in the happening of the accident and the defendant Paul Lieberman 60% at fault in the happening of the accident, and upon a separate jury verdict awarding the plaintiff Lourdes Ciatto $10,000 for past pain and suffering and $0 for future pain and suffering, and upon an order of the same court dated April 17, 2002, denying the motion of the plaintiff Lourdes Ciatto pursuant to CPLR 4404 to set aside the jury verdict on the issue of damages, awarded her damages in the principal sums of only $10,000 for past pain and suffering and $0 for future pain and suffering, and the defendant Bast Chevrolet cross-appeals, as limited by its brief, from so much of the same judgment as, upon the granting of the separate motions of the plaintiffs and the defendants Paul Lieberman and Top Gun Collision, Inc., for judgment as a matter of law on the issue of whether Bast Chevrolet permitted its dealer license plates to be used by Paul Lieberman, and upon denying its motion for judgment as a matter of law on its cross claim for common-law indemnification against Paul Lieberman and Top Gun Collision, Inc., is in favor of the plaintiff Lourdes Ciatto and against it in the principal sum of $10,000.
Ordered that the appeal by Carmine Ciatto is dismissed on the ground that he is not aggrieved by the judgment appealed from (see CPLR 5511); and it is further,
Ordered that the judgment is modified by (1) deleting the provision thereof awarding damages to the plaintiff Lourdes Ciatto, *555 and (2) adding thereto a provision awarding the defendant Bast Chevrolet judgment as a matter of law on its cross claim against the defendants Paul Lieberman and Top Gun Collision, Inc., for common-law indemnification; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, the motion by the plaintiff Lourdes Ciatto is granted, and the order dated April 17, 2002, is modified accordingly; and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of damages in accordance herewith, with costs to abide the event.
On July 2, 1993, the plaintiff Lourdes Ciatto (hereinafter the plaintiff) was driving through an intersection in Lindenhurst when her vehicle was struck by a vehicle driven by the defendant Paul Lieberman. Lieberman is the president of the defendant Top Gun Collision, Inc. (hereinafter Top Gun), and the vehicle he was driving at the time of the accident was owned by Top Gun. However, the vehicle bore dealer license plates which had been given to Lieberman by the defendant Bast Chevrolet (hereinafter Bast), a customer of Top Gun’s automotive repair shop. As a result of the collision, the plaintiff allegedly sustained a herniated disc, and was required to undergo surgery to remove the disc, and fuse her spinal vertebrae.
At the close of the evidence in the liability phase of the trial, the plaintiff moved, and Lieberman and Top Gun separately moved, for judgment as a matter of law against Bast on the issue of whether Lieberman’s use of the dealer license plates had been permissive. The trial court granted the motion, finding that the evidence established permissive use as a matter of law, and that Bast therefore would be jointly liable for any judgment obtained by the plaintiff. The trial court also denied Bast’s motion for a directed verdict on its common-law indemnification claim against Lieberman and Top Gun, concluding that Bast had been negligent in the manner in which it allowed Lieberman to use its dealer plates. The jury thereafter found the plaintiff 40% at fault in the happening of the accident and Lieberman 60% at fault.
During the ensuing damages trial, the parties presented sharply conflicting evidence as to whether the plaintiffs herniated disc had been caused by the accident, whether the fusion surgery performed several months after the accident had been necessary, and whether the surgery had been successful. Before submitting the case to the jury, the trial court determined, as a matter of law, that the plaintiff had sustained a serious injury within the meaning of Insurance Law § 5Í02 (d) because it deemed her injuries to be permanent in nature. Thus, the jury *556 was asked to determine whether the plaintiff’s injuries were caused by the accident. The jury found in the plaintiffs favor on the issue of causation, and awarded her $10,000 for past pain and suffering, but $0 for future pain and suffering. The plaintiffs motion pursuant to CPLR 4404 to set aside the damages verdict was denied.
On its cross appeal, Bast contends that the trial court erred in granting judgment as a matter of law on the issue of whether Lieberman was a permissive user of its dealer plates. We disagree. The evidence presented during the liability phase of the trial established that Bast supplied Lieberman with dealer license plates because it had vehicles repaired at the Top Gun shop on a regular basis, and that Bast never gave Lieberman instructions limiting his use of the dealer plates to vehicles owned by Bast. Moreover, Bast’s general manager conceded at the trial that it was foreseeable that Lieberman might use dealer plates on a vehicle which was not owned by Bast in order to facilitate repairs to Bast vehicles. Under these circumstances, there is “no valid line of reasoning or permissible inferences” (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]) which could support a jury finding that Lieberman did not have implied permission to place the dealer plates on the unregistered vehicle he was operating at the time of the accident. Since Bast negligently permitted Lieberman to use its dealer plates in violation of law, it is estopped from denying ownership of the vehicle, and is fully liable to the injured plaintiff (see Reese v Reamore, 292 NY 292, 297 [1944]; Taylor v Botnick Motor Corp., 146 AD2d 81 [1989]; Jamison v Walker, 48 AD2d 320 [1975]; see also Brown v Harper, 231 AD2d 483 [1996]).
However, the trial court should have granted Bast’s motion for judgment as a matter of law on its indemnification claim against Lieberman and Top Gun. As a general rule, the common law permits the owner of a vehicle, who is statutorily liable for an accident under Vehicle and Traffic Law § 388, to be indemnified by a negligent user (see Morris v Snappy Car Rental, 189 AD2d 115, 121 [1993], affd 84 NY2d 21 [1994]; Denton Leasing Corp. v Breezy Point Surf Club, 133 AD2d 95 [1987]; Hertz Corp. v Dahill Moving & Stor. Co., 79 AD2d 589 [1980], affd 54 NY2d 619 [1981]). Although Bast negligently permitted its dealer plates to be improperly used by Lieberman, thus allowing the vehicle operated by Lieberman to be on the roadway, this negligence was not a proximate cause of the plaintiffs injuries {see Taylor v Botnick Motor Corp., supra). Accordingly, Bast was entitled to judgment as a matter of law on its indemnification claim against Lieberman and Top Gun.
*557 Furthermore, under the circumstances of this case, the trial court should have granted the plaintiffs motion to set aside the verdict on the issue of damages. The jury’s determination that the plaintiff was not entitled to any damages for future pain and suffering was inconsistent with its finding that her injuries, which were permanent in nature, were proximately caused by the accident (see Califano v Automotive Rentals, 293 AD2d 436 [2002]; Shaw v Jacobs, 279 AD2d 624 [2001]; Corsaro v Mt. Calvary Cemetery, 258 AD2d 969 [1999]). Moreover, in view of the fact that the jury was presented with conflicting evidence and theories as to the cause of the plaintiffs disc herniation, and that its award for past pain and suffering was inexplicably low, it appears possible that the damages verdict may have been the result of an impermissible compromise (see Roseingrave v Massapequa Gen. Hosp., 298 AD2d 377 [2002]; Califano v Automotive Rentals, supra; Rivera v City of New York, 253 AD2d 597 [1998]). Accordingly, we remit the matter for a new trial on the issue of damages, to include a redetermination of the issue of whether the plaintiffs injuries were pre-existing or caused by the accident.
The plaintiff’s remaining contentions are without merit. Santucci, J.E, Krausman, Schmidt and Townes, JJ., concur.