463 F.3d 195
 Sumner L. FELDBERG and Ester Feldberg, Plaintiffs,
Roger H. Goodspeed and Joann P. Goodspeed, Plaintiffs-Appellants,
v.
QUECHEE LAKES CORPORATION, Defendant,
Quechee Lakes Landowners' Association, Wendell Barwood, Judeen Barwood, Frank Tahmoush and Karen Jean Tahmoush, Trustees of Karen Jean Tahmoush Revocable Trust, and Mark Comora, Defendants-Appellees.
Docket No. 05-3980-CV.
 United States Court of Appeals, Second Circuit.
 Argued: February 1, 2006.
 Decided: September 13, 2006.
 
 W.E. Whittington, Whittington Law Associates PLLC, Hanover, NH, for Plaintiffs-Appellants Roger H. & Joann P. Goodspeed.
 Carl H. Lisman, Lisman, Webster, Kirkpatrick & Leckerling, P.C., Burlington, VT, for Defendant-Appellee Quechee Lake Landowners' Association.
 Christopher D. Roy, Downs Rachlin Martin PLLC, Burlington, VT, for Defendants-Appellees Wendell & Judeen Barwood.
 Frank H. Olmstead, DesMeules, Olmstead & Ostler, Norwich, VT, for Defendants-Appellees Frank & Karen Jean Tahmoush.
 James B. Anderson, Ryan, Smith & Carbine, Ltd., Rutland, VT, for Defendant-Appellee Mark Comora.
 Before POOLER, B.D. PARKER, Circuit Judges, and PAULEY, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs-Appellants Roger H. Goodspeed and Joann P. Goodspeed appeal from a judgment of the United States District Court for District of Vermont (William K. Sessions III, Chief Judge) dismissing their complaint under Federal Rule of Civil Procedure 12(b)(6).[1] The Goodspeeds would have us review this judgment. We conclude that we have no appellate jurisdiction to do so.
 
 
 2
 The complaint was dismissed on February 10, 2005 and a final judgment was entered on March 8, 2005. On February 15, the Goodspeeds filed a timely—yet by their own admission "skeletal"—Rule 59(e) motion. The motion provided no ground for altering or amending the district court's order dismissing the complaint. Instead, the Goodspeeds' counsel sought, for personal reasons, an extension of time to April 8, 2005 to support the motion. Specifically, counsel requested additional time to "perform a proper review" of the district court's February 10, 2005 Order "before deciding whether to bring certain issues to the Court's attention." The district court received the supplemented motion on April 7 and denied it on June 27, 2005. The Goodspeeds filed a notice of appeal on July 20, 2005.[2]
 
 
 3
 Federal Rule of Civil Procedure 7(b)(1) requires a motion to "state with particularity" the grounds on which it is based. Under the standards of Rule 7(b)(1), a Rule 59(e) motion need not be comprehensive. See 2 James Wm. Moore et al., Moore's Federal Practice — Civil § 7.03 (3d ed. 2006) ("The particularity requirement is flexible and has been interpreted liberally by the courts."). The motion must, nonetheless, apprise the court and the opposing party of the grounds upon which reconsideration is sought. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 41 (2d Cir.1982); Daily Mirror, Inc. v. N.Y. News, Inc., 533 F.2d 53, 56 n. 4 (2d Cir.1976) (refusing to extend the time to file a notice of appeal from the original judgment because plaintiff's initial motion papers, though timely, "on their face indicated that they did not constitute the complete motion, and that further affidavits would be forthcoming"). The Goodspeeds' motion, which failed to give any indication of the grounds on which it was based, did not comply with Rule 7(b)(1) and, therefore, did not toll the time to appeal the dismissal of the complaint.
 
 
 4
 Moreover, under Rule 6(b), courts may not extend the time for taking any action under Rule 59(e). Permitting the Goodspeeds to supplant their timely yet insufficient "placeholder" Rule 59(e) motion from February 15 with their subsequent augmented filing on April 7 would afford them an easy way to circumvent Rule 6(b)'s prohibition on granting an enlargement of time for filing motions under Rule 59(e). See Martinez v. Trainor, 556 F.2d 818, 820 (7th Cir.1977) (per curiam).
 
 
 5
 A limited exception exists to the rule that the filling of an untimely or insufficient Rule 59(e) motion will not toll the thirty-day time limit for filing a notice of appeal: when a litigant relies to his detriment on particular assurances from the court that a Rule 59 motion was properly filed, then under these "unique circumstances," a right to appeal is not lost. Thompson v. INS, 375 U.S. 384, 387, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam); see, e.g., Vine v. Beneficial Fin. Co., 374 F.2d 627 (2d Cir.1967) (applying "unique circumstances" doctrine of Thompson). However, in Osterneck v. Ernst & Whinney, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989), the Supreme Court clarified (and somewhat restricted) its prior holding in Thompson. The Supreme Court held that the unique circumstances doctrine "applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." 489 U.S. at 179, 109 S.Ct. 987. After Osterneck, we have held that "the unique circumstances principle has no application where the parties stipulated to extensions of time that were prohibited by the Rules, and which the district court approved despite lacking the power to approve." See Lichtenberg v. Besicorp Group Inc., 204 F.3d 397, 402 (2d Cir.2000) (explaining the impact of Osterneck on Thompson). Moreover, we have also held that "`[t]he fact that the court simply signed orders presented to it ... does not constitute unique circumstances.'" Weissman v. Dawn Joy Fashions, Inc., 214 F.3d 224, 231 (2d Cir.2000) (per curiam) (quoting Endicott Johnson Corp. v. Liberty Mut. Ins. Co., 116 F.3d 53, 57 (2d Cir.1997)).
 
 
 6
 In light of Lichtenberg, Endicott, and Weissman, in order for the "unique circumstances" doctrine to apply, there must be a specific, direct, official judicial assurance, on which the appellant relied on to his detriment, which frustrated his filing of a timely appeal. Cf. Rezzonico v. H & R Block, Inc., 182 F.3d 144, 152 (2d Cir. 1999) ("With regard to the oral communication with the clerk's office, such statements by a member of the clerk's office staff are not official judicial assurances that qualify as unique circumstances.") (emphasis added). Thus, where "it is not the court that has misled the party who would appeal, and that party has simply erroneously interpreted the rules with regard to the time for appeal, the circumstances do not warrant an extension beyond the time limits provided by the Rules." Endicott, 116 F.3d at 57. Such is the case here, and therefore the "unique circumstances" doctrine does not save the Goodspeeds' skeletal Rule 59(e) motion.
 
 
 7
 Two consequences flow from this conclusion. First, because the Goodspeeds' notice of appeal entered on July 20, 2005 is only timely with respect to the district court's denial of their motion for reconsideration entered on June 27, 2005, we only have jurisdiction to review that ruling.
 
 
 8
 Second, because the Goodspeeds' Rule 59(e) motion was improperly filed and was not supplemented until after the ten-day time limit for filing Rule 59 motions, we construe their Rule 59(e) motion as a Rule 60(b) motion for relief from judgment. See United States v. Clark, 984 F.2d 31, 33 (2d Cir.1993); Branum v. Clark, 927 F.2d 698, 704 (2d Cir.1991). A final judgment on the district court's Rule 12(b)(6) ruling was entered on March 8, 2005. The Goodspeeds filed their "fleshed out" Rule 59(e) motion on April 7, 2005 — just within the thirty-day time limit to file a notice of appeal. Therefore, we conclude that the Goodspeeds' improperly filed Rule 59(e) motion for reconsideration should be construed as a motion pursuant to Rule 60(b)(1). See In re 310 Assocs., 346 F.3d 31, 35 (2d Cir.2003) (per curiam).[3]
 
 CONCLUSION
 
 9
 For the reasons stated above, we lack appellate jurisdiction to review the district court's dismissal of the complaint because Plaintiffs-Appellants' skeletal or placeholder Rule 59(e) motion did not toll the thirty-day time limit for filing a notice of appeal.
 
 
 
 Notes:
 
 
 *
 The Honorable William H. Pauley, United States District Court Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 The Goodspeeds' motion to reopen a December 12, 1983 stipulated Final Judgment between Sumner and Ester Feldberg (the "Feldbergs") and the Quechee Lakes Corporation ("QLC") (the "1983 Final Judgment") is considered the complaint in this case
 
 
 [2]
 On October 20, 2005, a motions panel found that "this Court has jurisdiction to consider the March 8, 2005 judgment because appellant's February 15, 2005 Rule 59(e) motion triggered the tolling provision of Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure." However, the fact that a prior motions panel in this case denied Defendants-Appellees' motion to dismiss the appeal on jurisdictional grounds does not prevent us, the merits panel, from revisiting this issueSee Rezzonico v. H & R Block, Inc., 182 F.3d 144, 149 (2d Cir.1999).
 
 
 [3]
 A separate summary order filed today addresses the merits of the denial of this motion