Gaetano **DIGIROLAMO Sr.,**
Petitioner–Appellant,

v.

**UNITED STATES of America,**
Respondent–Appellee.

No. 05–6216–pr.

United States Court of Appeals,
Second Circuit.

May 22, 2008.

Steven B. Duke, New Haven, CT, for Petitioner–Appellant.

Emily Berger, David C. James, Assistant United States Attorneys, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Respondent–Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. MIRIAM GOLDMAN CEDARBAUM,[1] District Judge.

**SUMMARY ORDER**

We assume the parties' familiarity with the underlying facts and procedural history of this case. Petitioner–Appellant Gaetano DiGirolamo Sr. ("DiGirolamo") appeals from the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2255, as well as his motion under Federal Rule of Civil Procedure 59(e).

Because DiGirolamo did not file a timely notice of appeal, we lack jurisdiction to

---

1. The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

consider the denial of his habeas petition. The district court filed a Memorandum and Order on December 30, 1999 denying both DiGirolamo's petition and that of his co-defendant Louis Salerno. DiGirolamo did not file a notice of appeal until November 2005, well outside the sixty-day time limit delineated by the Federal Rules. *See* Fed. R.App. P. 4(a)(1)(B). We have long held that "[c]ompliance with Rule 4(a) is 'mandatory and jurisdictional.'" *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415 (2d Cir.2004) (quoting *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)). The Supreme Court recently reaffirmed this rule, holding that because the requirements of Rule 4(a) arise from federal statutory law, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, —— U.S. ——, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007).

DiGirolamo did not submit a proper Rule 59(e) motion that would have tolled the time to file a notice of appeal. After the district court's denial of the habeas petition, DiGirolamo's counsel submitted a short letter to the district court on January 5, 2000 (the "January 5 letter"). The letter did not constitute a Rule 59(e) motion because, although it commented very briefly on the court's opinion, it did not actually articulate "with particularity" any grounds for reconsideration, nor did it even request that remedy. *See* Fed. R.Civ.P. 7(b)(1). Rather, the letter promised a proper submission *in the future*, assuring the court that after he recovered from an illness, DiGirolamo's counsel would "submit a detailed response to the Government's submissions and to your memorandum, and *will ask you to reconsider* and to honor your order authorizing depositions." (Emphasis added). The promised memorandum, setting forth substantive arguments for reconsideration of the denial of the habeas petition, was not filed until December 2003.

The January 5 letter was, by its own terms, a "timely yet insufficient 'placeholder'" submission. *Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195, 197 (2d Cir. 2006). In *Feldberg*, we disapproved of a similar "placeholder" letter. We wrote that while a Rule 59(e) motion need not be "comprehensive," it must nevertheless "apprise the court and the opposing party of the grounds upon which reconsideration is sought." *Id.* Because the January 5 letter contained only brief commentary on the court's opinion and signaled that substantive arguments would follow in a subsequent motion to reconsider, it fell short of adequately apprising the court and the opposing party of the grounds upon which reconsideration might be sought.

DiGirolamo also does not demonstrate "unique circumstances" under which, as we wrote in *Feldberg*, the filing of an untimely or insufficient Rule 59(e) motion might toll the time limit for filing a notice of appeal. *Id.* at 197–98. DiGirolamo correctly notes that the district court agreed in February 2000 to treat the January 5 letter as a Rule 59(e) motion. However, the court appears to have "simply signed [an order] presented to it," without giving any "specific, direct, official judicial assurance" that it would allow DiGirolamo almost three years to articulate his legal arguments for reconsideration. *Id.* at 198 (citation omitted). Nor did the court even have the power to grant DiGirolamo an extension of time to complete his Rule 59(e) submission. *See id.* at 197 (opining that "courts may not extend the time for taking any action under Rule 59(e)"). In this case, the court did not affirmatively take any action that "misled the party who would appeal," thereby "frustrat[ing]" his filing of a timely appeal." *Id.* at 198.

The only order from which DiGirolamo's notice of appeal is timely filed is the district court's September 16, 2005 memorandum denying "petitioner's Rule 59 motion on the ground that the motion is without merit." In our view, DiGirolamo's December 2003 writing cannot be construed as a Rule 59(e) motion because it was not filed within ten days of the district court's original opinion, but should be treated rather as a motion for relief from a judgment or order under Rule 60(b)(6). *See id.* at 198 (construing the defective Rule 59(e) motion as a Rule 60(b) motion). We review a district court's disposition of a Rule 60(b)(6) motion for abuse of discretion. *Matarese v. LeFevre,* 801 F.2d 98, 107 (2d Cir.1986).

The district court did not abuse its discretion in denying DiGirolamo's Rule 60(b)(6) motion. We are unpersuaded that the motion was "made within a reasonable time." Fed.R.Civ.P. 60(c)(1). Further, although DiGirolamo energetically sets forth many arguments as to why we should revisit his habeas petition, he has failed to demonstrate "extraordinary circumstances" justifying such relief. *Matarese,* 801 F.2d at 106.

We have considered DiGirolamo's remaining arguments and find them without merit.

For the foregoing reasons, we AFFIRM the judgment of the district court.