**Joseph DeSENA, Courtney DeSena,
Plaintiffs–Appellees,**

v.

**Adam PAVEL, Carnegie Hill Management Corporation, Defendant–Cross–Defendant–Appellants.**

**Nos. 07–2495–cv, 07–2536–cv.**

United States Court of Appeals,
Second Circuit.

July 24, 2008.

---

James J. Binns, Blue Bell, PA, for Plaintiffs–Appellees.

Anna J. Ervolina, Morris Duffy Alonso & Faley LLP, New York, N.Y., for Defendant–Cross–Defendant–Appellant Pavel.

David S. Heller, Connors & Connors, Staten Island, N.Y., for Defendant–Cross–Defendant–Appellant Carnegie.

428

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Circuit Judges, Hon. RICHARD W. GOLDBERG, Judge.*

## SUMMARY ORDER

Defendant–Cross–Defendant–Appellants Adam Pavel and Carnegie Hill Management Corporation ("Carnegie") were found liable by a jury for injuries sustained by Joseph DeSena in a motor vehicle accident, and for loss of consortium experienced by Courtney DeSena as a result of her husband's injuries. The jury awarded $500,000 in damages to Mr. DeSena, and $25,000 in damages to Mrs. DeSena. Pavel and Carnegie each filed timely notices of appeal from the judgment. In addition, Carnegie filed a timely appeal from the denial of its post-trial motion for indemnification from Pavel. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

On appeal, Pavel and Carnegie argue that the District Court abused its discretion in refusing to set aside the jury verdict as "deviat[ing] materially from what would be reasonable compensation" under New York law. N.Y. C.P.L.R. § 5501(c). In addition, Carnegie cross-appeals, arguing that the District Court erred in denying Carnegie's motion to amend the judgment to grant Carnegie indemnification by co-defendant Pavel.

### I

Where an action is brought in diversity for personal injury and to which New York law C.P.L.R. § 5501(c) applies, the review standard set out in that statute—whether the jury award "deviates materially from what would be reasonable compensation"—is applied by the district court

judge in assessing whether damages awarded by the jury are excessive, with appellate review limited to abuse of discretion. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 419, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996).

As an initial matter, Mr. and Mrs. DeSena argue that Pavel and Carnegie waived their objections to the amount of the verdict by failing to object to the verdict with sufficient particularity to preserve the issue for appeal. Rule 7 of the Federal Rules of Civil Procedure requires that motions, including motions to amend the verdict, "state with particularity the grounds for seeking the order." Fed.R.Civ.P. 7(b)(1)(B). Where appellants have "failed to give any indication of the grounds" for a post-judgment motion, we have concluded that no relief from the judgment is available. *Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195, 197 (2d Cir.2006) (per curiam). Although a Rule 59(e) motion to amend the judgment "need not be comprehensive ... [t]he motion must, nonetheless, apprise the court and the opposing party of the grounds upon which reconsideration is sought." *Id.*

■ We agree with the DeSenas that Pavel and Carnegie's post-verdict motion to set aside the jury verdict was insufficiently particularized to preserve this issue for appeal. Neither Pavel nor Carnegie sought remittitur, and their motion to set aside the verdict "as against the weight of the credible evidence" failed to inform the District Court or the DeSenas that Appellants wished to challenge the *amount of damages*. Nor did Appellants' motion provide any reason or evidence to support a challenge to the damage amount. We therefore affirm the District Court's denial of this post-verdict motion.

---

* The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

Moreover, even if we did find this issue properly preserved for appeal, we would affirm the District Court's denial of Appellants' motion to set aside the damages awarded by the jury. In determining whether a particular jury award is excessive in a personal injury suit under New York law, "a district court reviews the evidence presented at trial in support of the challenged damage award and compares the award to other New York cases in which evidence of similar injuries was presented." *Presley v. United States Postal Serv.,* 317 F.3d 167, 173 (2d Cir. 2003). We then review that assessment for abuse of discretion. *Gasperini,* 518 U.S. at 419, 116 S.Ct. 2211.

■■■ The $500,000 award to Mr. DeSena is in line with other damage awards approved by New York courts for individuals with hip injuries, especially given Mr. DeSena's relative youth and prognosis of multiple hip replacements. The $25,000 award to Mrs. DeSena likewise does not "deviate[ ] materially from what would be reasonable compensation." N.Y. C.P.L.R. § 5501(c). Although the five months during which Mrs. DeSena suffered a loss of consortium is significantly less than the twenty-two months experienced by the plaintiff in *Zimmerman v. Rosiek,* 245 A.D.2d 1048, 666 N.Y.S.2d 69 (1997), who was similarly awarded $25,000 in damages, the value of the American dollar is also significantly less than what it was ten years ago. A $25,000 jury award today for the losses endured by Mrs. DeSena is not reversible.

## II

■■■ We turn next to Carnegie's cross-appeal for indemnification by Pavel. Carnegie timely filed for appeal from denial of its motion to amend the judgment as to its indemnification cross-claim. The parties dispute, however, whether Carnegie's motion was itself timely filed. Carnegie filed a written motion before the District Court on June 5, 2007. As the District Court's judgment issued on May 11, 2007, Carnegie's motion was untimely under Rule 59(e). *See* Fed.R.Civ.P. 59(e) (requiring motions to alter or amend a judgment to be filed "no later than 10 days after the entry of the judgment"). A district court may, however, treat an untimely Rule 59(e) motion as a Rule 60(b) motion, which does not include a ten day filing deadline. *See Feldberg,* 463 F.3d at 198. Under the law of this circuit, a district court may consider a Rule 60(b)(1) motion for relief from judicial error, so long as that motion is made within the time allowed for appeal from the judgment. *Int'l Controls Corp. v. Vesco,* 556 F.2d 665, 669 (2d Cir.1977). We, in turn, review the denial of such a motion for abuse of discretion. *Cody, Inc. v. Town of Woodbury,* 179 F.3d 52, 56 (2d Cir.1999) (per curiam). Carnegie's June 5 motion asserted that Carnegie was entitled as a matter of law to some measure of indemnification by Pavel. In other words, Carnegie asserted that a judicial error had been made. As this motion was made within thirty days of the entry of judgment, *see* Fed. R.App. P. 4(a)(1), it was timely as a motion for relief from a final judgment under Rule 60(b)(1). The District Court could-and should-have considered Carnegie's June 5 motion under Rule 60(b).

■■■ The District Court's denial of Carnegie's June 5 motion, viewed as it should be as a Rule 60(b)(1) motion, was in error. New York law clearly provides that the statute under which Carnegie was liable, Vehicle and Traffic Law § 388, does not abrogate the common law rule that a vehicle owner may "recover indemnity from a negligent user/lessee, even absent an express indemnity provision." *Morris v. Snappy Car Rental, Inc.,* 84 N.Y.2d 21, 614 N.Y.S.2d 362, 637 N.E.2d 253, 256

430

(1994); *see also Ciatto v. Lieberman,* 1 A.D.3d 553, 556, 769 N.Y.S.2d 48 (2d Dep't 2003). The jury in this case unanimously found that Carnegie was not "involved in this accident other than as owner of the vehicle." As such, Carnegie was entitled, as a matter of law, to indemnification by Pavel, the negligent user of the vehicle. Indemnification under this rule, however, extends only to damages in excess of the owner's statutorily required insurance coverage. *ELRAC, Inc. v. Ward,* 96 N.Y.2d 58, 724 N.Y.S.2d 692, 748 N.E.2d 1, 7 (2001). The parties agreed at oral argument that amount of insurance coverage was $300,000, leaving $225,000 total damages in contention. The District Court denied Carnegie's June 5 motion without explanation, we reverse the District Court's summary denial and remand the issue of indemnification to the District Court for further action consistent with this order.

We AFFIRM as to the damages awarded to Mr. and Mrs. DeSena, and REVERSE and REMAND as to Carnegie's motion for indemnification by Pavel.