*Jang v. Trustees of St. Johnsbury Academy*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand nineteen.

PRESENT:   José A. Cabranes,
                    Reena Raggi,
                    Christopher F. Droney,
                                *Circuit Judges.*

_____

Soojung Jang,

                    *Plaintiff-Appellant,*                                        18-3342

                    v.

Trustees of St. Johnsbury Academy, Kingdom
Development Company, Inc.,

                    *Defendants-Appellees.*[*]

_____

_____

[*] The Clerk of Court is directed to amend the caption as set out above.

1

**FOR PLAINTIFF-APPELLANT:**　　　　　　HAROLD B. STEVENS, Stevens Law Office, Stowe, VT.

**FOR DEFENDANT-APPELLEE:**
**Trustees of St. Johnsbury Academy:**　　JOHN A. SERAFINO (William A. O'Rourke, III, *on the brief*) Ryan Smith & Carbine Ltd., Rutland, VT.

**FOR DEFENDANT-APPELLEE:**
**Kingdom Development Company Inc.:**　　JENNIFER E. MCDONALD, Downs Rachlin Martin PLLC, Burlington, VT.

Appeal from a July 9, 2018 judgment and an October 12, 2018 order of the United States District Court for the District of Vermont (John M. Conroy, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Plaintiff-Appellant Soojung Jang ("Jang") appeals from a final judgment (dismissing her complaint under Fed. R. Civ. P. 12(b)(6)) and a post-judgment order (denying her Fed. R. Civ. P. 59(e) and 60(b)(6) motion to alter or amend the judgment and her 15(a) motion to amend her complaint). Jang sued Defendants-Appellees, the Trustees of St. Johnsbury Academy and its affiliated Kingdom Development Company, Inc. (jointly, "Defendants"), for defamation based on the contents of a July 12, 2016 letter sent by Defendants' attorney to Jang's employer, a regional educational official in the Republic of Korea. The parties consented to have their case assigned to a Magistrate Judge under 28 U.S.C. § 636(c).

On July 9, 2018, the District Court granted Defendants' motion to dismiss, reasoning that Jang failed (1) to identify specific false and defamatory statements, and (2) to allege facts giving rise to an inference that such statements were (a) substantially false, and (b) made with the malice necessary to defeat Defendants' common law privilege. On July 16, 2018, Jang moved to alter or amend the judgment and to amend her complaint. On October 12, 2018, the District Court denied those motions, reasoning that Jang failed to state a basis for alteration or amendment, and that, in light of Jang's proposed amendments, amendment of her complaint would be futile.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). We review a ruling on a motion to alter or amend a judgment for abuse of discretion. *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 150 (2d Cir. 2008). Although we "generally review a district court's denial of leave to amend for abuse of discretion," our review is *de novo* where "the denial of leave to amend is based on the resolution of legal questions," including a determination that a proposed amendment would be futile. *Thea v. Kleinhandler*, 807 F.3d 492, 496-97 (2d Cir. 2015).

As a preliminary matter, Defendants challenge our jurisdiction to review the underlying July 9, 2018 judgment. They argue that Jang's notice of appeal was untimely because her motion to alter or amend the judgment "did not comply with Rule 7(b)(1) and, therefore, did not toll the time to appeal the dismissal of the complaint." *Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195, 197 (2d Cir. 2006). We need not, and therefore decline to, address this contention. To be sure, we are generally prohibited from assuming without deciding jurisdiction "in all but the narrowest of circumstances." *Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015). Where "jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues are complex and the substance of the claim is . . . plainly without merit," however, we may decide the merits of the case without first addressing our statutory jurisdiction. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 n.2 (2d Cir. 2006). Accordingly, we assume (without deciding) our jurisdiction, and affirm each of the conclusions of the District Court.

First, we note that the District Court provided three independently sufficient grounds for dismissal of Jang's complaint. We affirm that dismissal for substantially those same reasons as explained by the Magistrate Judge in his thorough Opinion and Order. *See Soojung Jang v. Trustees of St. Johnsbury Acad.*, 331 F. Supp. 3d 312, 343-52 (D. Vt. 2018).

Second, we reject Jang's argument that the District Court abused its discretion by dismissing her complaint without *sua sponte* offering her an opportunity to amend prior to final judgment. As we have previously observed, the "contention that the District Court abused its discretion in not permitting an amendment that was never requested" is "frivolous." *Horoshko v. Citibank, N.A.,* 373 F.3d 248, 249–50 (2d Cir. 2004).

Next, we affirm the District Court's denial of Jang's motion to alter or amend the judgment. The sole ground Jang offered for such an alteration is the facilitation of her post-judgment motion for leave to amend her complaint. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (explaining that "[a]s a procedural matter, a party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b).") (internal brackets and quotation marks omitted). Such a ground for a Rule 59(e) or Rule 60(b) motion is not inherently improper. *Id.* at 214; *see also Foman v. Davis*, 371 U.S. 178, 181 (1962). In such circumstances, however, a court evaluates the motion to amend the judgment together with the motion for leave to amend the complaint. *Williams*, 659 F.3d at 213. Such "postjudgment motions

3

for leave to replead must be evaluated with due regard to both the value of finality and the policies embodied in Rule 15." *Id.*

Here, the District Court did not even *need* to consider "the value of finality" to deny Jang's motion because "the policies embodied in Rule 15" alone supported denial of her motion. In particular, leave to amend under Rule 15 may be denied where such amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). We agree that Jang's proposed amendments would be futile for substantially the same reasons as those articulated by the District Court. *See Soojung Jang v. Trustees of St. Johnsbury Acad.*, No. 2:17-CV-162-JMC, 2018 WL 4941784, at *5-*7 (D. Vt. Oct. 12, 2018). Accordingly, the District Court did not abuse its discretion in denying Jang's motion to alter or amend the judgment and in denying her leave to amend her complaint.

## CONCLUSION

We have reviewed all of the arguments raised by Jang on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 9, 2018 judgment and the October 12, 2018 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court